**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROSETTA DAVIS, <br><br> *Plaintiff*, <br><br> v. <br><br> SONNY PERDUE, Secretary, U.S. Department of Agriculture <br><br> *Defendant*. | Civil Action No. 17-0245 (CKK) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
PARTIAL MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

BACKGROUND .................................................................................................................. 1
STANDARDS OF REVIEW ............................................................................................... 3
ARGUMENT ....................................................................................................................... 4
   I.   PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE
       REMEDIES WITH RESPECT TO SEVERAL CLAIMS ................................... 4
   II.   PLAINTIFF'S SETTLEMENT AGREEMENT BARS SEVERAL
       OF PLAINTIFF'S CLAIMS ............................................................................... 7
   III.   PLAINTIFF'S REASONABLE ACCOMMODATION CLAIMS
       SHOULD BE DISMISSED ............................................................................... 7
CONCLUSION .................................................................................................................... 8

**TABLE OF AUTHORITIES**

**Cases**

*Albritton v. Kantor*,
   944 F. Supp. 966 (D.D.C. 1996) ..................................................................................... 6

*Barkley v. U.S. Marshals Serv.*,
   766 F.3d 25 (D.C. Cir. 2014) .......................................................................................... 5

*EEOC v. St. Francis Xavier Parochial Sch.*,
   117 F.3d 621 (D.C. Cir. 1997) ........................................................................................ 3

*Gillet v. King*,
   931 F. Supp. 9 (D.D.C. 1996) ......................................................................................... 4

*Gustave-Schmidt v. Chao*,
   226 F. Supp. 2d 191 (D.D.C. 2002) ............................................................................... 3

*Howard v. Evans*,
   193 F. Supp. 2d 221 (D.D.C. 2002) ........................................................................... 4, 6

*Irwin v. Dep't of Veterans Affairs*,
   498 U.S. 89 (1990) ......................................................................................................... 6

*James v. HHS*,
   824 F.2d 1132 (D.C. Cir. 1987) ..................................................................................... 5

*Johnson v. Penn Camera Exchange*,
   583 F. Supp. 2d 81 (D.D.C. 2008) ............................................................................................ 7

*Lenkiewicz v. Castro*,
   146 F. Supp. 3d 46 (D.D.C. 2015) ............................................................................................ 8

*Mondy v. Secretary of the Army*,
   845 F.2d 1051 (D.C. Cir. 1988) ................................................................................................ 6

*Nat'l R.R. Passenger Corp. v. Morgan*,
   536 U.S. 101 (2002) .............................................................................................................. 5, 6

*Nat'l Resources Defense Council, Inc. v. Train*,
   510 F.2d 692 (D.C. Cir. 1975) .................................................................................................. 5

*Park v. Howard Univ.*,
   71 F.3d 904 (D.C. Cir. 1995) .................................................................................................... 5

*Pierce v. Mansfield*,
   530 F. Supp. 2d 146 (D.D.C. 2008) .......................................................................................... 4

*Rann v. Chao*,
   346 F.3d 192 (D.C. Cir. 2003) .................................................................................................. 4

*Saltz v. Lehman*,
   672 F.2d 207 (D.C. Cir. 1982) .................................................................................................. 5

*Schmidt v. Shah*,
   696 F. Supp. 2d 44 (D.D.C. 2010) ............................................................................................ 7

*Slate v. Public Defendant Serv. for the Dist. of Columbia*,
   31 F. Supp. 3d 277 (D.D.C. 2014) ............................................................................................ 1

*Washington v. WMATA*,
   160 F.3d 750 (D.C. Cir. 1998) .................................................................................................. 5

**Regulations**

29 C.F.R. § 1614.105 ..................................................................................................................... 4

Plaintiff, Rosetta Davis, claims that Defendant, Sonny Perdue, Secretary, United States Department of Agriculture ("Defendant"), retaliated against her in violation of Title VII. *See* Sec. Am. Compl. ¶¶ 92–108 (ECF No. 15). Plaintiff supports her retaliation claims in large part with allegations that are barred by Plaintiff's failure to exhaust her administrative remedies, as well as the fact that she waived such claims in a previous settlement agreement. Accordingly, Defendant respectfully requests that this Court dismiss Plaintiff's claims to the extent that they are untimely or have been waived.

## BACKGROUND

Plaintiff began working for Defendant in 2001. *See* Sec. Am. Compl. ¶ 12. During her tenure with Defendant, Plaintiff filed several equal employment opportunity ("EEO") complaints. *See id.* ¶ 15. In March 2011, for instance, Plaintiff filed an EEO complaint alleging, *inter alia*, that she was subject to disability discrimination. *See id.* ¶ 40. On September 22, 2011, Plaintiff entered into a settlement agreement with Defendant to resolve her March 2011 EEO complaint. *See id.* ¶ 42. In that agreement, Plaintiff agreed to "withdraw, with prejudice, all pending … claims," "[n]ot to raise any new … claims[,]" and also to "waive any and all claims for … pecuniary, … nonpecuniary and/or compensatory damages based on allegations raised in any claim or alleged claim of employment discrimination against [Defendant] arising prior to the effective date of this Agreement." *See* Settlement Agreement ¶ B(2)–(3) (attached as Ex. A).[1]

---

[1] Defendant has filed a redacted copy of the Settlement Agreement at Exhibit A, as other portions of that Agreement, which are not directly relevant to this matter, are confidential. The Settlement Agreement is expressly referenced in Plaintiff's Second Amended Complaint. *See* Sec. Am. Compl. ¶¶ 42, 52. Courts may consider "documents referenced in the Complaint" on a motion to dismiss "without converting the motion into one for summary judgment." *Slate v. Public Defendant Serv. for the Dist. of Columbia*, 31 F. Supp. 3d 277, 287 (D.D.C. 2014).

As relevant to the instant action, Plaintiff initiated contact with an EEO Counselor on May 30, 2012, to file another EEO complaint (EEO Compl. No. CRSD-2012-01041). *See* Sec. Am. Compl. ¶ 15. And although she does not expressly cite it, a substantial portion of Plaintiff's Second Amended Complaint relates to claims that she made when she again initiated contact with an EEO Counselor on November 4, 2016 (EEO Compl. No. CRSD-2012-00093). *See* Pl.'s Mot. to Stay ¶¶ 6–7 (ECF No. 12) (referencing additional administrative claim). It is these two EEO complaints (2012 and 2016) that purport to form the basis of Plaintiff's Second Amended Complaint.

Much of Plaintiff's Second Amended Complaint, however, focuses on facts alleged to have occurred several years prior to these EEO complaints and also after Plaintiff's most recent EEO Complaint. For instance, Plaintiff alleges that, in 2002, her supervisor asked her to make impermissible purchases on a government-issued credit card and, after Plaintiff refused, subjected her to harassment. *See id.* ¶¶ 17–20. Similarly, Plaintiff's Second Amended Complaint alleges that she was subject to retaliation arising out of the sexual relationship that she had with her supervisor in 2008. *See id.* ¶¶ 21–24, 80. Plaintiff also alleges that she was subject to retaliatory reorganizations of the office in which she worked. *See id.* ¶¶ 33–43, 80, 88. In her Second Amended Complaint, Plaintiff bases both her Title VII hostile work environment and retaliation claims on these allegations, many of which substantially predate her May 30, 2012 EEO complaint. *See id.* ¶¶ 92–108. Indeed, Plaintiff expressly incorporates these untimely allegations into her retaliation claims. *See id.* ¶¶ 97, 105. Moreover, Plaintiff appears also to base her retaliatory hostile work environment claim on the entire time-period between 2001 and 2017. *See id.* ¶¶ 94–95.

On March 24, 2017, the Defendant sent to Plaintiff a letter identifying the issues it had accepted for investigation for Plaintiff's 2016 EEO complaint. *See* Ex. B. This letter accepted for

investigation certain discrimination and retaliation claims that were based on events purported to have occurred in 2015 and 2016. *See id.* at 1–2.  But in her Second Amended Complaint, Plaintiff also bases her claims on several events that allegedly occurred after those identified in Defendant's March 24 letter. *See id.* ¶ 85.  For instance, she alleges that, on March 26, 2017, Defendant sought to hold an EEO Complaint in abeyance, *see id.* ¶ 87, by July 31, 2017, she still had not received a position description, *see id.* ¶ 88, and by July 31, 2017, she had not received an ergonomic keyboard and chair, *see id.* ¶ 89 (claiming that she had requested these as reasonable accommodations).

As discussed below, several of Plaintiff's claims are barred by her previous settlement agreement, her failure to exhaust, or a failure to state a claim.

## STANDARDS OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's claims should be dismissed for failing to state a claim upon which relief can be granted if they fail as a matter of law.  Fed. R. Civ. P. 12(b)(6).  For such a motion, the Court must resolve all factual doubts in Plaintiff's favor.  *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).  When reviewing a Rule 12(b)(6) motion, the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002).  In resolving a motion to dismiss, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Id.*

**ARGUMENT**

I.  **PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES WITH RESPECT TO SEVERAL CLAIMS**

As noted above, Plaintiff claims that she was subject to retaliation in violation of Title VII due to events that occurred as early as 2002. *See, e.g.*, ¶¶ 16–20, 80, 88. But in each instance, Plaintiff failed to exhaust her administrative remedies and thus "dismissal [should] result[.]" *Rann v. Chao*, 346 F.3d 192, 194–95 (D.C. Cir. 2003); *see also Gillet v. King*, 931 F. Supp. 9, 12–13 (D.D.C. 1996) (same).

An aggrieved party must initiate contact with an EEO counselor within 45 days of the alleged discriminatory conduct. *See* 29 C.F.R. § 1614.105(a); *see also Pierce v. Mansfield*, 530 F. Supp. 2d 146, 154 (D.D.C. 2008) (dismissing Title VII claims relating to two vacancy announcements for untimely exhaustion of administrative remedies). Accordingly, one may not "assert a Title VII complaint in court" until "a timely complaint has been presented administratively to the agency involved." *Howard v. Evans*, 193 F. Supp. 2d 221, 227–28 (D.D.C. 2002). "The purpose behind the regulation is to provide the agency notice and an opportunity to rectify any wrong through the conciliation process or through administrative relief." *Id.* Only after a plaintiff has timely sought counseling and exhausted her administrative remedies may this Court hear the subject matter of a claim. *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985).

As relevant here, Plaintiff initiated contact with an EEO counselor on May 30, 2012. *See* Sec. Am. Compl. ¶ 15. Plaintiff thus failed to exhaust her administrative remedies for any allegedly retaliatory action that occurred prior to April 15, 2012, which was 45 days before Plaintiff initiated her EEO complaint. *See* 29 C.F.R. § 1614.105(a). Accordingly, each of Plaintiff's claims that is based on alleged conduct occurring before April 15, 2012, should be dismissed. *Rann*, 346 F.3d at 194–95.

To be sure, the 45-day time requirement is not jurisdictional, but rather operates "like a statute of limitations, [which] is subject to waiver, estoppel, and equitable tolling." *Saltz v. Lehman*, 672 F.2d 207, 208 (D.C. Cir. 1982); *see also James v. HHS*, 824 F.2d 1132, 1138 (D.C. Cir. 1987). Adherence to these requirements, though, is not "a mere technicality," *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995), but rather "ensure[s] that the federal courts are burdened only when reasonably necessary," *Brown*, 777 F.2d at 14. Courts in this Circuit are generally reticent to excuse a plaintiff's failure to exhaust her administrative remedies under Title VII, as "[t]he obligation to initiate one's claim in the government agency charged with discrimination is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel primary responsibility for maintaining nondiscrimination in employment." *Barkley v. U.S. Marshals Serv.*, 766 F.3d 25, 34 (D.C. Cir. 2014) (quotation marks omitted); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002) ("In the context of a request to alter the timely filing requirements of Title VII, this Court has stated that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law") (quotation marks omitted).

Courts have, however, excused a plaintiff's failure to exhaust on occasion. For instance, exhaustion has been excused in the face of a "certainty of an adverse decision," where the plaintiff provided evidence that the reviewing authority had already expressly indicated that it did not believe it had "jurisdiction over the matter." *James*, 824 F.2d at 1138; *see also Nat'l Resources Defense Council, Inc. v. Train*, 510 F.2d 692, 703 (D.C. Cir. 1975) ("agency recourse [may be] futile, … where the agency's position is firm"). Elsewhere, exhaustion has been excused where "a defendant engaged in affirmative misconduct." *Washington v. WMATA*, 160 F.3d 750, 752–53 (D.C. Cir. 1998) (quotation marks omitted). But the power to toll the statute of limitations is to be

"exercised only in extraordinary and carefully circumscribed circumstances." *Mondy v. Secretary of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988). Thus, a plaintiff will not be afforded extra time to file an administrative claim without exercising due diligence, and any excuse presented by a plaintiff must be more than a "garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

These authorities provide Plaintiff no reprieve, as she has not pled any reason whatsoever to explain her failure to initiate the EEO process within 45 days of the allegedly retaliatory action. It is Plaintiff's obligation to plead any equitable reasons for failing to meet Title VII's filing requirements. *See Albritton v. Kantor*, 944 F. Supp. 966, 971 (D.D.C. 1996) (citing *Irwin*, 498 U.S. at 94–95). Yet, she has failed to do so and this Court should dismiss her retaliation claims that are based on conduct occurring before April 15, 2012.[2] *See Pierce*, 530 F. Supp. 2d at 154.

For the same reasons, Plaintiff has not exhausted her administrative remedies with respect to many of her claims based on events occurring in 2016 and 2017. After filing an EEO claim, a plaintiff may bring a lawsuit for "claims that are like or reasonably related to the allegations of the charge and growing out of the same allegations." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995); *see also Howard v. Evans*, 193 F. Supp. 2d at 227–28. As noted in the Defendant's March 24 acceptance letter, Plaintiff's accepted claims were placement on administrative leave, her October 19, 2016 performance appraisal, a denial of training opportunities, and alleged incidents of harassment including bullying and hostility. *See* Ex. B at 1–2. But as discussed above, Plaintiff claims in her Second Amended Complaint that she was subject to retaliation in 2017 due to Defendant holding an EEO complaint in abeyance, not providing her with a position description,

---

[2] To the extent Plaintiff argues that she may rely on these earlier events to support a hostile work environment claim under *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 103 (2002), she is misguided as the Second Amended Complaint does not allege that the alleged acts were part of the same unlawful practice. Rather, the events she alleges to have occurred vary widely.

6

and not providing her with an ergonomic keyboard and chair. *See* Sec. Am. Compl. ¶¶ 87–89. As these claims have not been exhausted and are not reasonably related to the accepted charges, the Court should dismiss Plaintiff's retaliation claims to the extent based on these untimely allegations.

II.  **PLAINTIFF'S SETTLEMENT AGREEMENT BARS SEVERAL OF PLAINTIFF'S CLAIMS**

On September 22, 2011, Plaintiff agreed that, among other things, she would waive "all claims" for "damages" that are based on "allegations raised in any claim or alleged claim of employment discrimination against the [Defendant] arising prior to the effective date of this Agreement." Settlement Agreement ¶ B(4). Accordingly, each of Plaintiff's claims that is based on an event that is alleged to have occurred prior to September 22, 2011, is waived and should be dismissed. *See Schmidt v. Shah*, 696 F. Supp. 2d 44, 62 (D.D.C. 2010) ("[a] party to a voluntary settlement agreement may waive his or her rights to litigate claims in court"); *see also Johnson v. Penn Camera Exchange*, 583 F. Supp. 2d 81, 86 (D.D.C. 2008) ("Absent a showing of fraud or duress, parties are bound by the agreements that they sign, without regard to whether they regret their decisions after the fact"). This Court should thus dismiss Plaintiff's claims, to the extent that they are based on conduct occurring before September 22, 2011.

III. **PLAINTIFF'S REASONABLE ACCOMMODATION CLAIMS SHOULD BE DISMISSED**

As noted above, Plaintiff's Second Amended Complaint includes claims for retaliatory hostile work environment and retaliation. *See* Sec. Am. Compl. ¶¶ 92–108. Yet, at various times throughout her Second Amended Complaint, Plaintiff references reasonable accommodation requests to which Defendant allegedly failed to respond. *See, e.g.*, ¶¶ 89, 97, 105 (referencing a reasonable accommodation request for an ergonomic keyboard and chair). Under the Rehabilitation Act, a plaintiff may bring a lawsuit claiming that she has a disability, that the employer knew of the disability, and that the employer denied a requested accommodation that

7

was reasonable and would have permitted the employee to continue performing the essential functions of her job. *See Lenkiewicz v. Castro*, 146 F. Supp. 3d 46, 51 (D.D.C. 2015). But Plaintiff's Second Amended Complaint does not include a claim brought under the Rehabilitation Act and both of her retaliation claims should be denied, to the extent that they rely on claims that she was denied accommodations that she requested.

## CONCLUSION

For the foregoing reasons, Defendant requests that this Court grant Defendant's Partial Motion to Dismiss.

September 13, 2017                                    Respectfully submitted,

                                                            CHANNING D. PHILLIPS
                                                            D.C. Bar #415793
                                                            United States Attorney

                                                            DANIEL F. VAN HORN
                                                            D.C. BAR # 924092
                                                            Chief, Civil Division

By:    */s/ Brian J. Field*
        BRIAN J. FIELD
        D.C. BAR #985577
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        Tel: (202) 252-2551
        E-mail: Brian.Field@usdoj.gov