## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROSETTA DAVIS,

     Plaintiff,

   v.

SONNY PERDUE, Secretary of the U.S.
Department of Agriculture (USDA),

     Defendant.

Case No. 17-cv-00245-TJK

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Plaintiff Rosetta Davis opposes Defendant USDA's Partial Motion to Dismiss because her claims are properly before this Court. Ms. Davis brought this lawsuit after being sexually harassed by a supervisor who asked her for sex in exchange for an internal promotion. She is not alone. Congress recently held a hearing on numerous instances of unresolved sexual harassment and gender discrimination claims within USDA because of the astronomical number of women who have come forward with horrific stories of being sexually harassed by their male co-workers and superiors within USDA.[1] Steering clear of the merits, USDA argues that Ms. Davis's claims should be dismissed because, among other

---

[1] *See* Congressional Oversight and Government Reform: Hearing Examining Sexual Harassment and Gender discrimination at the US Department of Agriculture, December 1, 2016, at https://oversight.house.gov/hearing/examining-sexual-harassment-gender-discrimination-u-s-department-agriculture/. *See also* Joe Davidson, Forest Service Slammed Over Sexual Harassment and Civil Rights, Washington Post, December 2, 2016, https://www.washingtonpost.com/news/powerpost/wp/2016/12/02/forest-service-slammed-over-sexual-harassment-and-civil-rights/?utm_term=.058db9531c05.

things, she failed to exhaust her administrative remedies.  USDA's arguments are unavailing for two reasons.

First, under the governing law, Ms. Davis can use prior discrete acts as background evidence for her retaliation claim, even if those allegations are time-barred such that she cannot be awarded any relief based on those allegations.  She can also use prior acts to support her retaliatory hostile work environment claim because she alleges numerous acts that fall within the filing period.  Second, while the operative complaint covers the long history of retaliation Ms. Davis has experienced, she does not seek recovery based on any claims arising *before* the six-year-old settlement agreement cited by USDA.  Thus, the Court should deny USDA's Motion.

## I. PROCEDURAL BACKGROUND

This lawsuit arises from allegations and claims Ms. Davis raised in two formal EEO complaints that are several years apart.  She filed the first formal EEO complaint on November 20, 2013 after contacting an EEO counselor on May 30, 2012.  (Ex. A, Partial Acceptance Letter for Formal Complaint CRSD-CF-2012-01041 dated January 28, 2014.)  USDA issued a report of investigation in August 2014.  Then Ms. Davis, who was without counsel, requested an EEOC hearing.  After retaining counsel, she withdrew her hearing request on November 9, 2016 and filed her claims in federal court.  (Ex. B, Notice of Withdrawal dated November 9, 2016.)

As the retaliation continued, Ms. Davis filed the second formal EEO complaint on January 9, 2017, (Ex. C, Formal Complaint FSA-CF-2017-00093), after initiating EEO counselor contact on November 4, 2016 and extending the deadline for completion of

counseling to January 3, 2016 (Ex. D, EEO Counseling Extension Agreement dated

November 29, 2016).  This formal complaint included claims for sex-based disparate

treatment, sexual harassment, retaliatory hostile work environment, and retaliation.  (Ex. C.)

On January 16, 2017, she amended the formal complaint to make clear that its claims arose

"from an interesting web of relationships" between Bryan Garner, the USDA-selected

resolving official for the formal complaint; David King, the supervisor who asked her for sex

in exchange for a promotion; and Darlene Thompson, her direct supervisor and the subject

of the formal complaint.  (Ex. E, January 16, 2017 Supplement to Formal Complaint FSA-

CF-2017-00093).

On March 31, 2017, Ms. Davis again amended the formal complaint by adding

allegations about retaliatory events that occurred after January 9, 2017, including USDA's

attempt on March 6, 2017 to hold this second formal complaint in abeyance; USDA's refusal

to give her a finalized position description; and USDA's refusal to give her an ergonomic

keyboard and ergonomic chair as reasonable accommodations for the back and wrist injuries

she sustained at work in a few years earlier.  (Ex. F, March 31, 2017 Supplement to Formal

Complaint FSA-CF-2017-00093).  To date, the report of investigation on this second formal

complaint remains outstanding.

Ms. Davis sued USDA on February 5, 2017 in federal court, asserting claims for

retaliatory hostile work environment (Count 1) and retaliation (Count 2).  (ECF No. 1.)  She

amended her complaint two months later.  (ECF No. 9).  Several weeks afterward, she

sought to stay this litigation pending USDA's investigation of her January 9, 2017 formal

complaint.  (ECF No. 12).  The Court gave her an additional 67 days to seek leave to amend

her complaint a second time so that she could add several related allegations raised in the January 9, 2017 formal complaint that USDA was still investigating. (ECF No. 12) Ms. Davis filed the Second Amended Complaint (Complaint) on August 4, 2017. (ECF No. 15). By that date, USDA still had not issued an investigative report on the January 9, 2017 formal complaint. Ms. Davis amended her Complaint after exhausting her administrative remedies by waiting the requisite 180 days before adding her 2017 allegations to the Complaint. In accordance with the Court's May 24, 2017 Minute Order, the Complaint includes the allegations raised in the January 9, 2017 formal complaint and its two amendments. (*Cf.* ECF No. 12, *with* Sec. Am. Compl. ¶¶ 87-89). USDA then moved for partial dismissal under FRCP 12(b)(6). (ECF No. 16).

## II.  LEGAL STANDARD

USDA must scale a high hurdle to obtain partial dismissal under FRCP 12(b)(6). When considering USDA's 12(b)(6) motion, this Court must accept her well-pleaded allegations as true and draw all reasonable inferences from them in her favor. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009). USDA's Motion must therefore be denied if Ms. Davis's factual allegations are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, USDA's Motion must be denied if her Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. USDA cannot carry its burden.

## III. ARGUMENT

### A. The Court should deny USDA's Motion because Ms. Davis can raise prior acts of retaliation and hostile conduct in support of her current claims and she has exhausted her administrative remedies.

USDA's assertion that Ms. Davis failed to administratively exhaust some of her claims fails for two reasons.  First, the law allows plaintiffs to raise allegations about prior discrimination, retaliation, and other misconduct to support timely retaliation and retaliatory hostile work environment claims.  Second, as a matter of law (and basic math), Ms. Davis has exhausted her administrative remedies.

1. It is proper for Ms. Davis to raise acts that precede her current claims as long as she alleges that they are sufficiently related to one another.

Ms. Davis's reliance on events occurring before April 15, 2012 is legally permissible. To be sure, she mentions prior conduct to show a historical pattern of behavior that USDA has condoned for many years.  While USDA wants the Court to "partially dismiss" Ms. Davis's claims because she mentions these facts, its argument contravenes settled law.  The U.S. Supreme Court's seminal decision in *National Railroad Passenger Corp v. Morgan*, 536 U.S. 101 (2002) is instructive.  The *Morgan* Court explained the difference between retaliation claims and retaliatory hostile work environment claims in terms of determining timeliness. *Id.* at 105.  "[Title VII] precludes recovery for discrete acts of . . . retaliation that occur outside the statutory time period." *Id.*  Examples of discrete acts of retaliation include "termination, failure to promote, denial of transfer, or refusal to hire," *id.* at 114, all of which "occur[] on the day that [they] happen[]," *id.* at 110 (internal quotation marks omitted).  Such acts "are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113.  Still, a plaintiff can use "the prior acts as

background evidence in support of a timely claim." *Id.*

By contrast, a plaintiff can base her hostile work environment claim on prior acts occurring outside the filing period:

> Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct. The 'unlawful employment practice' therefore cannot be said to occur on any particular day. *It occurs over a series of days or perhaps years* and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own. *Such claims are based on the cumulative effect of individual acts.*

*Id.* at 115 (internal citations omitted) (emphasis added). As a result, "[a] charge alleging a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Id.* at 122. Thus, as long as "an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.* at 117.

It follows, then, that Ms. Davis can allege acts that occurred before her 2012 and 2017 formal complaints as long as she alleges that those acts comprise part of a continuing pattern of unlawful conduct that she has experienced. *See Morgan*, 536 U.S. at 113, 117, 122. USDA's characterization of her numerous factual allegations as multiple retaliation claims is incorrect and misleading. *See generally* Def.'s Mot. to Dismiss. It is true that Ms. Davis's Second Amended Complaint alleges multiple retaliatory events that precede her two formal complaints. *See generally* Sec. Am. Compl. But contrary to USDA's assertion, that is legally permissible because a claim is "[t]he aggregate of operative facts giving rise to a right enforceable by a court." *See Wilson v. Workman*, 577 F.3d 1284, 1291 (10th Cir. 2009) (citation

and internal quotation marks omitted).

Ms. Davis lists only two claims for relief: retaliatory hostile work environment (Count 1) and retaliation (Count 2). This means that each claim requires a set of operative facts that give rise to a right conferred by and enforceable under Title VII. *See id.* Ms. Davis provides the requisite set of operative facts for both.

In support of her retaliatory hostile work environment claim, Ms. Davis alleges multiple events occurring before and after April 15, 2012. Sec. Am. Compl. ¶ 97. This is permissible because a hostile work environment claim "is based on the cumulative effect of individual acts" that might "occur over a series of days or perhaps years." *See Morgan*, 536 U.S. at 115. It is undisputed that more than one of the events occurring after April 15, 2012 falls within the applicable filing period. Hence, because at least one "act contributing to [Ms. Davis's retaliatory hostile work environment] claim occurs within the filing period," this Court can consider "the entire time period of the hostile environment . . . for the purposes of determining liability." *See id.* at 117.

In support of her retaliation claim, Ms. Davis also lists multiple events occurring before and after April 15, 2012. Sec. Am. Compl. ¶ 105. Still, her allegations about events occurring before April 15, 2012 do not affect the legal sufficiency of her retaliation claim: she can include these allegations as necessary "background evidence." *See Morgan*, 536 U.S. at 113 (Plaintiffs can use "prior acts as background evidence in support of a timely claim.").

2. Ms. Davis has exhausted the allegations giving rise to upon this lawsuit—those raised in the November 20, 2013 formal EEO complaint and the January 9, 2017 formal EEO complaint.

USDA's assertion that Ms. Davis failed to exhaust her claims as they relate to

allegations concerning three events occurring in 2017 is simply incorrect.  *See* Def.'s Mot to

Dismiss 6-7.  The allegations at issue are that USDA retaliated against Ms. Davis in 2017 by

threatening to hold her January 9, 2017 formal complaint in abeyance; failing to provide her

with a proper finalized position description after transferring her for the sixth time because

she filed a second EEO complaint; and failing to give her an ergonomic keyboard and chair

to reasonably accommodate her work-related injuries after she was transferred.  Sec. Am.

Compl. ¶¶ 87-89.  USDA's assertion ignores the blackletter rule that any federal-sector

employee who has filed a timely formal complaint can pursue her claims in federal court

after 180 days from the filing date if no final action has been taken.  *Hamilton v. Geithner*, 666

F.3d 1344, 1348 (D.C. Cir. 2012) (citing 29 CFR § 1614.407(b)).  A federal-sector employee

can also amend her formal complaint to include "issues or claims like or related to the those

raised in the complaint" as long as she does so before the agency finishes its investigation.

*Weber v. Battista*, 494 F.3d 179, 183 (D.C. Cir. 2007) (citing 29 CFR § 1614.106(d)).

     Here, Ms. Davis raised the allegations at issue in a formal EEO complaint filed on

January 9, 2017 and in subsequent amendments filed on January 16, 2017 and March 31,

2017.  More than 180 days passed from when she filed her January 9, 2017 formal complaint

and amendments to when she filed her Complaint with this Court.  Thus, Ms. Davis

properly exercised her right to go to federal court.  USDA still has not issued an investigative

report on the formal complaint or issued a final agency decision in the matter.

     USDA contends that the allegations about these events in 2017 are not reasonably

related to the accepted charges but provides no factual allegations or legal argument for its

contention.  *See* Def.'s Mot. to Dismiss 6-7.  As a result, because this Court must take all of

Ms. Davis's allegations as true and draw all reasonable inferences in her favor, this Court

should decline USDA's invitation to conclude that she has not exhausted the allegations

about the three events in 2017 and thus cannot pursue them in federal court. *See*

*Saksenasingh v. Sec'y of Educ.*, 126 F.3d 347, 350 (D.C. Cir. 1997) (Federal employees "may []

file suit after the appropriate number of days has elapsed since complaining to the agency.")

**B. Ms. Davis's claims are not barred under the plain language of the 2011 settlement agreement, and USDA cannot prove that her claims are barred by the agreement to any extent.**

Defendant's argument that Ms. Davis's claims are barred by the six-year-old

settlement agreement (Agreement) is unavailing. To begin with, the Agreement itself states

that she would waive all claims for damages that are based on allegations . . . "arising *prior to*

*the effective date of this Agreement*." Def. Mot. to Dismiss 7. Based on this language alone, the

Court should deny Defendant's Motion, because it calls for the Court to dismiss claims

raised after the effective date of the Agreement.

But there is more. USDA cannot carry the burden of proving—at the pleading

stage—that the Agreement bars Ms. Davis's two claims to any extent. Because USDA raises

the Agreement as an affirmative defense, "it bears the burden of pleading and proving

it." *See Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (citation omitted). A

12(b)(6) motion, however, "which tests the sufficiency of the complaint, generally cannot

reach the merits of an affirmative defense." *E.g.*, *Goodman v. Praxair*, 494 F.3d 458, 464 (4th

Cir. 2007) (en banc). The exception is rare: an affirmative defense may be reached on a

12(b)(6) motion only "if all facts necessary to the affirmative defense clearly appear on the

face of the complaint." *Id.* (internal citation and quotation marks omitted); *Smith-Haynie v.*

*District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998) (explaining that a defendant may raise an affirmative defense in a 12(b)(6) motion only "when the facts that give rise to the defense are clear from the face of the complaint"). Where, as here, a party raises a settlement agreement as an affirmative defense, a court "must factually determine the issues surrounding the agreement." *Saksenasingh*, 126 F.3d at 350.

Here, the facts needed to decide the merits of USDA's settlement agreement defense are absent. According to Ms. Davis, as part of the Agreement, USDA agreed to remove the subject of her 2011 formal complaint from her chain of command, restore her annual leave hours, reassign her to a mutually selected USDA division, and refrain from retaliating against her because of her prior EEO activity. Sec. Am. Compl. ¶ 42. In return, she agreed to waive any claim for damages based on "allegations raised in any claim or alleged claim of employment discrimination against the [Defendant] arising prior to the effective date of this Agreement." Def. Mot. to Dismiss 7. Ms. Davis notes, however, that USDA failed to resolve the formal complaint preceding her 2011 formal complaint despite the Agreement. Sec. Am. Compl. ¶ 43.

Under FRCP 12(b)(6)'s standard, Ms. Davis is entitled to the inference that USDA did in fact fail to resolve that earlier formal complaint and that its failure amounted to a breach of the Agreement. *See Iqbal*, 129 S.Ct. at 1951 (FRCP 12(b)(6) requires a court to draw all reasonable inferences in the nonmovant's favor).

USDA, however, is entitled to no deference on the question whether it breached the Agreement. *See Saksenasingh*, 126 F.3d at 350 (noting that "[n]o deference was owed to" defendant on the question of contractual breach). Of note, USDA has failed to present

sufficient evidence in its Motion for this Court to properly decide this question.  The Motion recites no facts about whether USDA satisfied the terms of the Agreement listed in Ms. Davis's Complaint.  *Cf.* Def.'s Mot. to Dismiss 7, *with* Sec. Am. Compl. ¶ 42.  Those terms were binding on USDA, (*see* Sec. Am. Compl. ¶ 42), but are redacted from the copy of the Agreement that USDA attached to its Motion (*see* Settlement Agreement dated September 22, 2011, ECF No. 16-2).  Because the scant evidence related to the question of breach precludes a proper factual determination, this Court should reject USDA's settlement agreement defense and deny this Motion entirely.

## IV.  CONCLUSION

USDA cannot justify the relief it seeks.  *Morgan* makes clear that Ms. Davis's reliance on allegations preceding her two formal complaints is legally permissible.  The Agreement's plain language makes clear that it does not cover claims for recovery arising from allegations *after* its date of effect.  What's more, the sparse evidentiary record precludes the searching inquiry this Court must conduct to determine whether USDA actually adhered to the Agreement's binding terms.  For all these reasons, Ms. Davis asks that this Court deny USDA's Motion, set a deadline for USDA to file an answer, and allow both parties to proceed to discovery.

Dated: September 27, 2017

Respectfully Submitted,
*/s/ Yaida O. Ford*
Yaida O. Ford, # 497013
Onyebuchim A. Chinwah[2]
**Ford Law Pros, P.C.**
1001 G Street, Ste. 1150 West C, NW
Washington, DC 20001

---

[2] Admitted in Maryland only.  Practicing in the District of Columbia under the direct supervision of Yaida O. Ford, a member of the D.C. Bar, in accordance with D.C.C.A. Rule 49(c).

Office: (202) 792-4946
yford@fordlawpros.com
ochinwah@fordlawpros.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 27, 2017, I served a copy of the foregoing via CM/ECF

on the following:

Brian J. Field
Assistant United States Attorney
555 4th Street NW
Washington, DC 20530
Tel: (202) 252-2551
Email: Brian.Field@usdoj.gov

*Attorney for Defendant*

/s/ *Yaida O. Ford*
Yaida O. Ford