# EXHIBIT A



JAN 2 8 2014

**United States
Department of
Agriculture**

Office of the
Assistant Secretary
for Civil Rights

1400 Independence
Avenue SW

Washington, DC
20250

Joseph D. Gebhardt
1101 17th Street, NW
Suite 807
Washington, DC 20036

**Re:  USDA Complaint No.:  CRSD-CF-2012-01041**
**Complainant: Rosetta Davis**

Dear Mr. Gebhardt:

This letter partially accepts your client's Equal Employment Opportunity (EEO) complaint of discrimination against the Office of the Assistant Secretary for Civil Rights, dated October 4, 2013.  Based on the record, the complaint is considered filed on November 20, 2013.[1]  It has been assigned the complaint number shown above. Please refer to this number in any future communication on the subject EEO complaint.

We are accepting and referring for investigation the following allegations:

Whether the Complainant was subjected to discrimination based on reprisal (prior EEO activity) and hostile work environment, when:

1.  from 2009 to 2012, the Complainant performed GS-13 level work without being given credit or pay for that work[2];
2.  from 2008 to the present, management failed and refused to promote the Complainant to a GS-13, despite the Complainant's performance of GS-13 duties;[3]
3.  on unknown date(s), management transitioned the Complainant from a GS-301-12 Resource Management Specialist to a GS-343-12 Program Management Analyst with the understanding that performance at an above

---

[1]  In an email, sent November 20, 2013, the Complainant's legal counsel asserted he sent Complainant's formal complaint via first class mail to Corporate Services Division (CSD) on October 4, 2013, during the government shutdown.  The complaint was not received at that time and counsel is unable to produce tracking information for the package.  As a result, CSD accepts the formal complaint on the date it was received via email.
[2]  This claim presents timeliness issues and following a more thorough investigation, may be dismissed if deemed untimely.
[3]  This claim presents timeliness issues and following a more thorough investigation, may be dismissed if deemed untimely.  Only those acts that occurred within 45 days of contacting the EEO counselor will be accepted.

Exhibit 3
1 of 9

00055

satisfactory level for one year would result in the promotion to a GS-13 level, however, after the Complainant met the requirements, management refused to promote her to a GS-13[4];

4. on unspecified dates, management moved the Complainant from one GS-12 position to another, thereby thwarting her career stability and progression;[5] and,

5. on July 26, 2012, management denied the Complainant's request for administrative leave to consult with her legal representative.

The Department of Agriculture (the Department) is required under 29 C.F.R. § 1614.108 to complete an impartial, factual, and appropriate investigation of the accepted claim within 180 days[6] of the date the subject EEO complaint was filed. An appropriate factual record is one that allows a reasonable fact finder to draw conclusions as to whether discrimination occurred. Your client and the Department may voluntarily extend the 180-day time period not to exceed an additional 90 days. In addition, the Department may unilaterally extend the 180-day time period or any period of extension for not more than 30 days when it must sanitize a complaint file that contains classified information.

When the investigation begins, an EEO Investigator will contact you. Your client is required to cooperate fully with the EEO Investigator. Failure to do so may result in dismissal of your client's EEO complaint. Your client is required to present to the EEO Investigator all information she wishes considered relevant to the accepted claim. In addition, she is required to provide the EEO Investigator with the names of any witnesses she believes should be contacted.

You must keep the agency informed of your current address. If the Department is unable to locate you or your client, it may dismiss this EEO complaint under 29 C.F.R. § 1614.107(a)(6).

When your client receives the EEO investigative report, your client will be notified of her right to elect either an agency decision based on the record or a hearing with a decision from an Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ). The notification will provide your client with specifics on how to exercise her election rights.

If you have not received the EEO investigative report after 180 days from the filing of your client's EEO complaint, she has the right to request a hearing before an EEOC AJ. Should she request a hearing, you must send her request to the EEOC District Office at

---

[4] This claim presents timeliness issues and following a more thorough investigation, may be dismissed if deemed untimely. Only those acts that occurred within 45 days of contacting the EEO counselor will be accepted.

[5] This claim presents timeliness issues and following a more thorough investigation, may be dismissed is deemed untimely. Only those acts that occurred within 45 days of contacting the EEO counselor will be accepted.

[6] All references to days refer to calendar days unless specified otherwise.

Exhibit 3
2 of 9

00056

the address identified in the enclosed document.  Additionally, you must certify to the EEOC that a copy of the hearing request was sent to the following address:

> United States Department of Agriculture
> Office of the Assistant Secretary for Civil Rights
> Corporate Services Division (CSD)
> 300 7th Street, SW
> Suite 641
> Washington, DC 20024

If your client does not agree with the defined claims, you must provide us with sufficient reasons, in writing, within 7 calendar days of receipt of this letter.  The statement should be sent to the following address:

> United States Department of Agriculture
> Office of the Assistant Secretary for Civil Rights
> Corporate Services Division (CSD)
> 300 7th Street, SW
> Suite 641
> Washington, DC 20024

In her formal EEO complaint, the Complainant also alleges that she was subjected to discrimination based on reprisal (prior EEO activity) and hostile work environment, when:

1. On various unspecified dates and while she was assigned to the Compliance Division, management subjected the Complainant to additional incidents of harassment including:
   a. engaging in verbal abuse;
   b. instructing other staff members not to work with the Complainant;
   c. holding "closed door" meetings with staff which excluded the Complainant, but held her accountable for discussed assignments;
   d. withheld information to "set her up for failure"; and,
   e. gave male employees praise and recognition for minimum participation.
2. In 2008, the Complainant was induced into having a sexual relationship with a male manager who falsely promised her a promotion to a GS-13.

A key concept in civil rights regulations is the requirement that a complainant raise concerns about employment conditions or decisions in a timely manner.  This permits the agency to quickly address problems before liabilities accrue, and while investigation of the facts may be accomplished.  After the passage of time, documents may be destroyed, witnesses may retire or die and memories may fade.

The EEOC regulation found at 29 C.F.R. § 1614.105(a)(1) requires an aggrieved person to initiate contact with an EEO Counselor within 45 days of the date of the matter

Exhibit 3
3 of 9

00057

alleged to be discriminatory or in the case of a personnel action, within 45 days of the effective date of the action. The first day counted shall be the day after the event from which the time period begins to run and the last day of the period shall be included, unless it falls on a Saturday, Sunday or Federal holiday, in which case the period shall be extended to include the next business day. See 29 C.F.R. § 1614.604(d); Skrvpka v. U.S. Postal Service. EEOC Appeal No.: 01983041 (June 7, 2000); Root v. Equal Employment Opportunity Commission, EEOC Appeal No.: 01861382 (January 5, 1986).

In accordance with 29 C.F.R. § 1614.107(a)(2), an agency must dismiss a complaint or a portion of a complaint that fails to comply with the applicable time limits. See Delong v. U.S. Postal Service, EEOC Appeal No. 01A41031 (March 3, 2004); Kelly v. U.S. Postal Service, EEOC Request No. 05A00985 (September 26, 2002). However, an agency shall extend the 45-day time limit when an employee shows that he was not notified of the time limit and was not otherwise aware of it, that he did not know and reasonably should not have known that the alleged discriminatory act occurred, or that there existed circumstances beyond his control that prevented timely contact with an EEO Counselor. See 29 C.F.R. § 1614.105(a)(2).

Claim 1 above is dismissed as untimely pursuant to 29 C.F.R. § 1614.107(a)(2) because the Complainant failed to initiate EEO Counselor contact within the 45-day regulatory time limit and there exists no circumstances that would warrant the extension of the time limit. This claim appears to pertain only to the Complainant's tenure in the Compliance division, which spanned 2009 through 2011. The Complainant's counsel clearly delineated the allegations, which comprise her claim of harassment and provides beginning and ending dates creating a defined period during which the alleged harassment occurred. By our reading of the complaint, the harassment, which is its own separate claim, ended in 2011 when the Complainant's assignment in the Compliance Division concluded. The Complainant, however, did not initiate Counselor contact until May 30, 2012, which is well beyond the time limit for doing so. Although this claim is dismissed, it may be used as background evidence during the investigation of the Complainant's accepted claims. See National Railroad Passenger Corp. v. Morgan, 122 S. Ct. 2061 (June 10, 2002).

Claim 2 above is also dismissed as untimely pursuant to 29 C.F.R. § 1614.107(a)(2), because the Complainant failed to initiate EEO Counselor contact within the 45-day regulatory time limit and there exists no circumstances that would warrant the extension of the time limit. This is a claim of sexual harassment that appears to be separate and distinct from the failure and refusal to promote claim. The Complainant alleges that the incident occurred in 2008; however the Complainant did not intitiate Counselor contact until May 30, 2012, which is well beyond the time limit for doing so. To the extent that Complainant thinks this claim is relevant to her accepted claims, she can use as background evidence during the investigation of the accepted claims. See National Railroad Passenger Corp. v. Morgan, 122 S. Ct. 2061 (June 10, 2002).

Exhibit 3
4 of 9

00058

Ms. Rosetta Davis                    5

Please be advised that, consistent with EEOC regulations and the Secretary of Agriculture's strong commitment to the early resolution of EEO complaints, parties are encouraged to seek resolution at any stage of the EEO complaint process. Settlement discussions may take place throughout the administrative complaint process. If a resolution is achieved, a copy of the settlement agreement must be provided promptly to avoid unnecessary processing and additional cost. Likewise, if at any stage of the EEO complaint process your client wishes to voluntarily withdraw her complaint, she must promptly provide written notification of her desire to do so. The withdrawal notice must be signed, dated, and contain the EEO complaint number. To ensure prompt receipt, please fax a copy of the voluntary settlement agreement or voluntary withdrawal notice to the Corporate Services Division, at fax number (202) 690-5583.

Please contact our Customer Service Unit, of the Information Research Service, at 1-800-795-3272, if you or your client have questions or concerns regarding the status of this complaint.

Sincerely,

Winona Lake Scott
Acting Director
Corporate Services Division

Enclosure:
EEOC Field Office Location and Contact Information

cc. Ms. Rosetta Davis, Complainant

5/23/13                                      Washington Field Office

   *U.S. Equal Employment Opportunity Commission*

# Washington Field Office

| | |
|---|---|
| **Location:** | 131 M Street, NE<br>Fourth Floor, Suite 4NWO2F<br>Washington, DC 20507-0100 |
| **Phone:** | 1-800-669-4000 |
| **Fax:** | 202-419-0740 |
| **TTY:** | 1-800-669-6820 |
| **Director:** | Mindy Weinstein, Acting |
| **Regional Attorney:** | Lynette Barnes |
| **Office Hours:** | The Washington Field Office is open from 8:00 a.m. to 4:30 p.m. Walk-in intake hours are Monday - Friday, from 9:00 a.m. - 2:00 p.m. |

**Metro Exits:**   New York Ave-Florida Ave-Gallaudet U - Red Line Walk 1 Block



**United States**
**Department of**
**Agriculture**

Office of the
Assistant Secretary
for Civil Rights

1400 Independence
Avenue SW

Washington, DC
20250

**AMENDMENT**

Joseph D. Gebhardt
Gebhardt & Associates, LLP
1101 17th Street, NW.
Suite 807
Washington, DC  20036- 4716

**Re:  Rosetta Davis**
**USDA Complaint No.:  CRSD-CF- 2012-01041**

Dear Mr. Gebhardt:

This letter acknowledges receipt of your letter dated February 21, 2014, requesting to amend the subject Equal Employment Opportunity (EEO) complaint, which was initially filed against the Office of Assistant Secretary for Civil Rights on November 20, 2013. Based on the postmark, the amendment is considered filed on February 21, 2014.   We are amending the complaint to include like or related claims of discrimination.  The amendments are included below in bold text.

We are accepting and referring for investigation the following allegations:

Whether the Complainant was subjected to discrimination based on reprisal (prior EEO activity) and a hostile work environment, when:

> 1.  **on  January 12, 2014, she was involuntarily reassigned to  another USDA agency as a Management and Program Analyst, GS-0343-12;**
>
> 2.  **on January 14, 2014, management denied her access to  her Federal government identification, wireless access card, transit benefits, lap top, and her desktop computer.**

The Department of Agriculture (the Department) is required under 29 C.F.R. § 1614.108 to complete an impartial, factual, and appropriate investigation of the accepted claims (or "claim") within 180 days[1] of the date the subject EEO complaint

---

[1] All references to days refer to calendar days unless specified otherwise.

**Exhibit 3**
**7 of 9**

00061

Rosetta Davis
Page 2

was filed. An appropriate factual record is one that allows a reasonable fact finder to draw conclusions as to whether discrimination occurred. The Complainant and the Department may voluntarily extend the 180-day time period not to exceed an additional 90 days. In addition, the Department may unilaterally extend the 180-day time period or any period of extension for not more than 30 days when it must sanitize a complaint file that contains classified information. When a complaint is amended, the Department shall complete its investigation within 180 days after the amendment to the complaint or 360 days after the filing of the original complaint.

When the investigation begins, an EEO Investigator will contact the Complainant. She is required to cooperate fully with the EEO Investigator. Failure to do so may result in dismissal of the EEO complaint. The Complainant is required to present to the EEO Investigator all information she wishes considered relevant to the accepted claims In addition, the Complainant is required to provide the EEO Investigator with the names of any witnesses she believes should be contacted.

The Complainant must keep the agency informed of her current address. If the Department is unable to locate her, it may dismiss this EEO complaint under 29 C.F.R. § 1614.107(a) (6).

When you and your client receive the EEO investigative report, the Complainant will be notified of her right to elect either an agency decision based on the record or a hearing with a decision from an Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ). The notification will provide the Complainant with specifics on how to exercise her election rights.

If you and your client have not received the EEO investigative report after 180 days from the filing of the EEO complaint, the Complainant has a right to request a hearing before an EEOC AJ. Should you request a hearing on behalf of your client, the request must be sent to the EEOC District Office at the address identified in the enclosed document. Additionally, you must certify to the EEOC that a copy of the hearing request was sent to the following address:

United States Department of Agriculture
Office of the Assistant Secretary for Civil Rights
Acting Director, Corporate Services Division
300 7th Street, SW
Suite 641
Washington, DC 20024-9440

Exhibit 3
8 of 9

00062

Rosetta Davis
Page 3

If you and your client do not agree with the amended claims, you must provide us with sufficient reasons, in writing, within 7 calendar days of receipt of this letter. The statement should be sent to the following address:

> United States Department of Agriculture
> Office of the Assistant Secretary for Civil Rights
> Acting Director, Corporate Services Division
> 300 7th Street, SW
> Suite 641
> Stop Code:  9440
> Washington, DC  20024-9440

Please be advised that, consistent with EEOC regulations and the Secretary of Agriculture's strong commitment to the early resolution of EEO complaints, parties are encouraged to seek resolution at any stage of the EEO complaint process. Settlement discussions may take place throughout the administrative complaint process. If a resolution is achieved, a copy of the settlement agreement must be provided promptly to avoid unnecessary processing and additional cost. Likewise, if at any stage of the EEO complaint process the Complainant wishes to voluntarily withdraw her complaint, she must promptly provide written notification of her desire to do so. The withdrawal notice must be signed, dated, and contain the EEO complaint number. To ensure prompt receipt, please fax a copy of the voluntary settlement agreement or voluntary withdrawal notice to the Employment Adjudication Division, at fax number 202-720-8046.

Please contact our customer service unit, the Information Research Service, at 800-795-3272, if you have questions or concerns regarding the status of this complaint.

Sincerely,

Winona Lake Scott
Acting Director
Corporate Services Division

cc:     Ms. Rosetta Davis
        1708 Montello Avenue, NE
        Washington, DC  20002

Exhibit 3
9 of 9

00063

# EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Miami District Office**

| | | |
|---|---|---|
| _____ | ) | |
| **ROSETTA DAVIS** | ) | |
| **Complainant,** | ) | **EEOC Case No. 570-2014-01266X** |
| **v.** | ) | **Agency Case No. CRSD-CF-2012-01041** |
| **THOMAS J. VLISACK, Secretary, U.S.** | ) | **Administrative Judge William Rodriguez** |
| **DEPT. OF AGRICULTURE** | ) | **Date: November 9, 2016** |
| **Agency.** | ) | |
| _____ | ) | |

## NOTICE OF WITHDRAWAL OF REQUEST FOR HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE

Complainant, Rosetta Davis, by and through undersigned counsel, hereby withdraws her request for a hearing.

**DATED,** this **9th day of November, 2016.**

Respectfully submitted,

**FORD LAW FIRM, PLLC**

By:     **/s/ Yaida O. Ford_____**

Yaida O. Ford, Esq.

THE FORD LAW FIRM PLLC

506 9th Street, NW

Washington, D.C. 20004

Tel: (202)-792-4946

Fax: (202)-827-7881

E-mail: yford@fordlawpros.com

*Attorney for Complainant, Rosetta Davis*

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of November, 2016, a true copy of the foregoing Notice of Withdrawal of Hearing before an Administrative Judge was served via email upon:


**Administrative Judge**

William Rodriguez

U.S. Equal Employer Opportunity Commission

Miami District Office

100 SE 2nd Street, Suite 1500

Miami, Florida 33131

Telephone: (305) – 808 1776

E-mail:w.rodriguez-efilebox@eeoc.gov



**Agency Representative**

Dionne Shy, Esq.

U.S. Department of Agriculture

Office of General Counsel

Civil Rights, Labor, and Employment Law

Litigation Section

1718 Peachtree Street, NW

Suite 576

Atlanta, GA 30309

Telephone: (404) 347-1080

Facsimile: (404) 206-347-1064

E-mail: Dionne.Shy@ogc.usda.gov

*Counsel for Agency*

**/s/ Yaida O. Ford_____**

Yaida O. Ford, Esq.

THE FORD LAW FIRM PLLC

506 9th Street, NW

Washington, D.C. 20004

Tel: (202)-792-4946

Fax: (202)-827-7881

E-mail: yford@fordlawpros.com

*Attorney for Complainant, Rosetta Davis*

# EXHIBIT C

**FORMAL EEO COMPLAINT OF DISCRIMINATION**
**CASE #: *FSA-CF-2017-00093***

| Name of Complainant (Last, First, Middle Initial) | Name of Representative (Last, First, Middle Initial) |
|---|---|
| Davis, Rosetta | Yaida O. Ford |
| **Address** | **Address** 506 9th Street, NW Washington, D.C. 20004 |

| Home Telephone No. | Work Telephone No. | Home Telephone No. | Work Telephone No. |
|---|---|---|---|
| | | | 21 792-4946 |

| Name and Address of Agency Which You Believe Discriminated Against You | Name and Telephone Number of EEO Counselor Who Attempted Resolution |
|---|---|
| Farm Services Agency | Charles Nimmons |

| Responding Official (Alleged Discriminating Official) | Date You Received the Notice of Right to File a Formal Complaint |
|---|---|
| Darlene Thompson | Jan 6, 2017 |

**Reasons/Bases You Believe You Were Discriminated Against** SEE ATTACHED LETTER

Ms. Davis is currently engaged in a protected activity. She is a woman with a very small frame and she is also African-American. Ms. Davis has reported various managers who abused their authority during her employ. Because she has reported these managers, the Agency has reprised against her by re-assigning her, subjecting her to a hostile work environment and attempting to find fault with her performance. Ms. Davis record, however, shows that she is an excellent employee. Ms. Thompson did not like Ms. Davis challenging her rating and abruptly ended their meeting. What is worse, is that she intimidated and bullied Ms. Davis by blocking Ms. Davis from leaving a meeting that Ms. Thompson ended. Ms. Thompson, as a manager should have explained why she gave Ms. Davis the performance rating she chose instead of behaving in a grossly unprofessional and hostile manner. Had Ms. Davis been a male employee, Ms. Thompson would have never physically blocked this employee from leaving a meeting. Further, her threatening Ms. Davis at the end of the meeting was an act of retaliation and vindictiveness — completely inappropriate for a manager

**How Were You Discriminated Against?** (Explain how you were treated differently from other employees or applicants because of your race, color, religion, national origin, marital status, disability, sex, age, reprisal, or sexual orientation. If your complaint involves more than one allegation of discrimination, list and number each allegation separately and furnish specific, factual information in support of each).

*See previous comment and informal complaint attached.*

(Use additional sheets, if necessary)

**Specific Corrective Action You Want Taken on your Complaint** (If more than one allegation is being made, state overall corrective action desired and the specific correction action desired for each separate allegation).

*It is clear that Ms. Davis is not being judged solely on her performance. She is being treated by managers as a "problem employee" because she exercised her rights against a manager who have abused their authority and have violated agency policy and in one instance, the law. Ms. Davis should be lauded for her performance — not harassed, intimidated and bullied. She seeks re-assignment, compensatory damages, attorney's fees, and costs.*

**If Applicable to This Complaint, Please Check the Statement(s) Below**

| | |
|---|---|
| | I filed a grievance through the negotiated grievance procedure. |
| | I filed an appeal with the Merit Systems Protection Board. |
| | I filed a civil action in U.S. District Court. |

| Signature of Complainant (You must sign this form unless your representative is an attorney). | Date |
|---|---|
| Signature of Attorney | Date Jan 9, 2017 |

Privacy Act Statement (6 USC 552a)

This form is subject to the Privacy Act of 1974.
Authority: 42 USC 2000E-16
Principal Purpose: To establish the case record and assist in the processing of the complaint
Routine Use: Used by EEO officials, administrative judges, investigators, the Equal Employment Opportunity Commission, and/or the Department of Justice for processing the complaint and appeal.
Disclosure is Voluntary: If the individual does not furnish the information requested, there will be no adverse consequences. However, failure to furnish information requested on the form may delay or impair processing of the complaint.



U.S. DEPARTMENT OF AGRICULTURE
CONFLICT COMPLAINTS DIVISION
**EEO COUNSELING INTAKE FORM**

| AGGRIEVED PERSON(AP) | |
|---|---|
| Complaint Number | |
| Date of Initial Contact with the EEO Office | 11-4-16 (November 4, 2016) |
| Date Form Received | 11-7-16 (November 7, 2016) |
| Name of Aggrieved Person | Rosetta Davis |
| Job Title, Series, and Grade | Mgmt. Prgm. Analyst 0343-12 |
| Email Address | RBD1708@yahoo.com |
| Home Address | 1708 Montello Avene Washington, DC 20002 |
| Home Telephone Number | |
| Work Telephone Number | 202-401-1919 |
| Cell Phone Number | 202 409-7524 |
| Office Title and Work Location | Farm Service Agency, Office of Civil Rights, Patriot Plaza III |

**DESIGNATION OF REPRESENTATIVE**: You have the right to retain representation of your choice. If you want someone other than yourself to represent you, you must elect the representative in writing. The representative can be anyone of your choosing. You may elect to have a representative at any stage in the process.

| | |
|---|---|
| Name of Representative: | Attorney Vaida Ford |
| Representative's Address: | 506 9th Street nw Washington, DC 20064 |
| Representative's Phone Number: | (202) 792-4946 |

Is your representative an employee of the Department?   No ✓   Yes

**ANONYMITY:** You have the right to remain anonymous at the counseling stage of EEO Complaint Processing.

Do you wish to remain anonymous?    Yes _____ No ✓

**ALLEGED BASES:** Please check and specify the basis(es) of your discrimination complaint. If you are alleging age discrimination, please provide your date of birth. To file a complaint based on age, you must have been at least 40 years of age when the incident occurred. If you are alleging discrimination based on disability, please describe the nature of your disability. If you are alleging discrimination based on retaliation/reprisal, you must have had prior involvement in the EEO complaints process such as previously seeking EEO counseling, filing a formal complaint, or serving as a witness in another's EEO complaint.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1. Race Specify: | | | 6. Sex (Gender) Specify: | ✓ | | 11. Reprisal Prior EEO Specify: Activity | |
| 2. Color Specify: | | | 7. Religion Specify: | | | 12. Sexual Orientation | |
| 3. Age Specify DOB: | | | 8. Mental Disability Specify: | | | 13. Political Affiliation Specify: | |
| 4. National Origin Specify: | | | 9. Physical Disability Specify: | | | 14. Marital/Familial/Parental Status | |
| 5. Sex (Gender Expression) | | | 10. Genetic Information | ✓ | | 15. Other Hostile Work Specify: Environment | |

Claims of discrimination on the following bases **ARE NOT** covered by Federal anti-discrimination statutes: political belief, sexual orientation, marital status, family status, or parental status. Consequently, individuals who file EEO discrimination complaints on these bases have **NO** appeal rights after the final agency decision is issued **AND NO** rights to a hearing before the Equal Employment Opportunity Commission.

**CLAIMS/MATTERS AT ISSUE**

| | | |
|---|---|---|
| 1. Appointment/Hire | 9. Disciplinary Action | 17. Reassignment-Request Denied |
| 2. Assignment of Duties | 10. Duty Hours | 18. Reassignment-Directed |
| 3. Awards | 11. Examination/Test | 19. Reinstatement |
| 4. Equal Pay Act Violation | ✓12. Evaluation/Appraisal | 20. Retirement |
| 5. Demotion | ✓13. Harassment/Non-Sexual | 21. Time &Attendance |
| 6. Reprimand | 14. Sexual Harassment | 22. Training |
| 7. Suspension | 15. Pay Including Overtime | ✓23. Terms/Conditions of Employment |
| 8. Termination | 16. Promotion/Nonselection | ▾24. Reasonable Accommodation |
| 25. Other (Specify) | Hostile Work Environment ; ~~Willful~~ Bullying | |

**INCIDENT(S):** Please identify the incident(s) giving rise to the complaint and provide the date of each incident/claim:

~~Reprimanded for being unprepared~~

On October 19, 2016 while attending my scheduled end of the year performance evaluation meeting with my supervisor Darlene Thompson in the FSA/OCR 10th Floor Conference Room, she offered her reasoning for rating me fully successful And when I offered my justification for the rating of superior, Ms. Thompson became enraged, combative And very hostile towards me And Abruptly ended our meeting.

As I attempted to exit the conference Room, Ms. Thompson stood in front of the door with both Arms stretched out Across the door way preventing me to exit the Room, I Repeatedly Requested of Ms. Thompson that she Allow me to leave

See Continuation

**What is the date of the most recent incident you would like to discuss with an EEO Counselor?**

October, 2016

**ALLEGED RESPONSIBLE MANAGEMENT OFFICIAL(s):** What is the name and position of the person(s) you believed discriminated against you?

Darlene Thompson - Deputy Director
Farm Service Agency
Office of Civil Rights

**Have you discussed this matter with the person(s) you believe is responsible?  If so, what explanation did he/she give you?**

No

the Room. I further stated "you can not hold me Against my will in this room. my Repeated pleas to ms. Thompson to allow me free range to leave the Room went ignored. After Approximately five minutes, ms. Thompson Allowed me to exit the Conference Room.

Ms. Thompson's hostile and threatening demeanor continued After she Allowed me to exit. As we walked down the corridor within the 10th floor suite, " she stating, you Are disrespecting me and I'm going to get you."

Page 2 of 2

**OTHER WITNESSES:** Are there any witnesses who have *direct* knowledge of the matter? Please give me the name and work telephone number of each witness and what you believe they know about the matter(s) at issue.

Jonathan Howard   (202) 401-7166
Bridget Prospito   -(202) 401-7220

**OTHER FORUMS:**

Have you filed a **union grievance**?    Yes _____    No

*If so*, what is the status of your grievance?

Have you filed an appeal with the **Merit Systems Protection Board?**    Yes _____    No

*If so*, what is the status of the MSPB appeal?

**PRIOR EEO PARTICIPATION:** Have you participated previously in the EEO process? If so, in the space below, please provide the approximate date, your role, and the complaint number (if available).

Complainant - 2012, 2014 And prior dates

**If you have participated previously in the EEO process, what is the current status of the action(s)?**

EEOC

**REQUESTED RELIEF:** In the space provided below, please list the relief you are seeking

Removal from FSA/OCR            To be determined.
Monetary Compensation
Performance Evaluation Upgraded

**NOTICE OF RIGHTS AND RESPONSIBILITIES**

Has the Aggrieved been given a **written copy** of their Notice of
Rights and Responsibilities?  YES __✓__  NO_____

**DOCUMENTATION**

**Please attach any documentation you wish to support your allegation(s).  A copy of any written action(s) which caused you to seek counseling at this time should be attached.**

NOTE:  Please review this form and make whatever corrections are necessary, then sign and return one copy of this form **immediately** so that the Intake Manger/EEO Counselor may be able to assist you

_____                    _11-7-16_____

Signature                                                          Date

Enclosures:          Rights and Responsibilities

                          EEO Complaint Process Flow Chart

**CCD Use Only.**

**Date complaint received:** _____
**Date of Contact/Intake:** _____
**Contact Person's Name:**

# EXHIBIT D



UNITED STATES DEPARTMENT OF
# AGRICULTURE

## EEO COUNSELING EXTENSION AGREEMENT

**Date: 11/29/2016**

**MEMORANDUM FOR:** Rosetta Davis

**SUBJECT: Agreement to Extend Counseling**

1. By signing this agreement, you agree to allow up to an additional **30** calendar days for completion of counseling. This will extend the counseling period to a maximum of **60** calendar days. At or before the end of this period, the final interview will be conducted and you will be advised of your further rights unless you have entered into a settlement agreement resolving all issues.

2. This voluntary agreement means that counseling on the matter(s) you first brought to my attention on **11/4/2016**, the date of your initial EEO contact will be completed no later than **1/3/2017**, the 60th calendar day from your initial contact date.

---

*Rosetta Davis* 12-2-16

Aggrieved Signature/Date

Aggrieved Representative (if applicable)/Date

# EXHIBIT E

# THE FORD LAW FIRM, P.L.L.C.

506 9TH STREET NW
WASHINGTON, D.C. 20004
(202) 792-4946
*Attorneys at Law*

*January 16, 2017*

**<u>VIA CERTIFIED MAIL</u>**
Conflicts Complaints Division
Office of the Assistant Secretary for Civil Rights
US Dept. of Agriculture
1400 Independence Ave, SW
Ste. 4004- South Building
Washington, D.C. 2050-9403
*Email: CCD_Informal@ascr.usda.gov*

**Re: Rosetta Davis; Supplement to Formal Complaint FSA-CF-2017-00093**

This complaint arises from an interesting web of relationships between, the Agency's selected resolving official in this matter, Brian Garner, and, Darlene Thompson, the manager against whom Rosetta Davis is lodging her complaint.

For her formal claims, Ms. Davis asserts that she has been subjected to (1) discrimination based on her gender and (2) reprisal based on a previously filed EEO complaint. She is now amending her claims to add reprisal based on the fact that the Agency has put her on administrative leave indefinitely while Ms. Thompson, who physically blocked Ms. Davis from exiting a conference room after a meeting regarding Ms. Davis' performance appraisal, continues to report to work.  Ms. Davis did not request such leave.  The Agency also made it clear that it wants Ms. Davis to resign, retire or be terminated.
With Garner as the resolving official, Ms. Davis' complaint will not be objectively evaluated making the likelihood of amicable resolution without resorting to litigation slim. I explain my reasons in this Formal Complaint.

Garner is good friends with David Leon King, who currently serves as the Director of the Office of Compliance, Policy, Training and Cultural Transformation in the USDA's Office of the Assistant Secretary of Civil Rights.  Garner officiated King's wedding.  Ms. Davis filed a previous EEO complaint against the Agency for King's abuse of authority wherein he used his position to obtain sex from Ms. Davis by promising a promotion that he did not give.
After Ms. Davis filed a complaint against King, a former EEO counselor, the complaint was never investigated or adjudicated.  Instead, King was promoted.  Ms.

Davis brought her complaint to the attention of various managers within the Office of Civil Rights.  The Agency retaliated against her by transferring her to the FSA, where is now experiencing continued reprisal at the hands of King's friend, Garner and Garner's direct report—Darlene Thompson.

ASCR transferred Ms. Davis to FSA in January 2014.  In the beginning, Ms. Davis and Thompson got along quite well. Thompson was an EEO counselor at that time. They attended church functions together. Thompson and her husband had been to Ms. Davis' home.  Around mid-2014, Garner promoted Thompson to a Deputy Director position. Around January 2015, Ms. Davis notice a change in Thompson. Thompson eventually became Ms. Davis' direct supervisor.  However, she became distant and very rude to Ms. Davis.

In 2015, an incident occurred where Ms. Davis was paying a credit card bill for a government issued card. At some point, Garner and Thompson asked another employee to inquire about Ms. Davis' making payment. Ms. Davis advised her that she managed the situation and that the payment was taken care of. Garner and Thompson later accused Ms. Davis of bullying this employee.  However, the employee did not file a formal or informal grievance or complaint. No disciplinary action was taken against Ms. Davis.

Management continued to subject Ms. Davis to bizarre conduct. In May 2016, during the holiday weekend, Thompson's husband called Ms. Davis on her cell phone at night. He proceed to ask her if Thompson was having an affair with Garner.  Ms. Davis asked how he got her cell phone number. He said he was looking through Thompson's phone and found it. Ms. Davis told him that she had no idea what he was talking about and blocked the number from which he called. Ms. Davis later confronted Thompson about the call and asked Thompson to speak with her husband about the phone call. Garner and Thompson turned up the heat on Ms. Davis after this incident.

A few months later, Garner asked Ms. Davis to go to an all employee meeting in Atlanta in August 2016. Ms. Davis explained that she could not go due to her medical condition. He then asked her to get a doctor's note to say she could not attend. After the conference, Ms. Davis learned that other employees who did not have medical excuses were not required to attend.  To the extent they did have medical conditions, they were not required to get notes. This was a discrete act of disparate treatment and reprisal.

In 2016, Thompson continuously denied Ms. Davis' request for training opportunities that could potentially advance Ms. Davis' career. This is another act of retaliation.  Thompson only permitted Ms. Davis to do a free training. Ms. Davis applied for the training but was unable to attend because the Agency put her on administrative leave after she filed her EEO complaint against Thompson.

By November 2016, Ms. Davis had a scheduled performance evaluation with Thompson. Thompson began the meeting by telling client that she was going to get a "fully successful" rating.  Thompson's presentation was as if she resented giving Ms. Davis a good rating.  Ms. Davis stated her belief that she should have a "superior" rating

based on a cash award that she received for her performance. She further explained that she felt that Thompson could not rate her objectively and fairly given the incidents that management had subjected Ms. Davis to during her tenure at FSA.

Thompson abruptly ended the meeting by grabbing her belongings from the table. Ms. Davis asked if her evaluation was over. Thompson told her to remain in the conference room stating "I need you to meet with another employee."  Apparently, the matter to which Thompson was referring was unrelated to Ms. Davis' evaluation.   Ms. Davis said she was not prepared for such a meeting because she had prepared for an evaluation. As Ms. Davis got up from the table to go back to her desk, Thompson stood in front of the door and blocked her exit. Ms. Davis begged her to move. Thompson eventually moved but told her "I am going to get you." This frightened Ms. Davis.

Ms. Davis is a very small woman.  Ms. Thompson would have never physically blocked the exit of a male employee. Thompson's response as a manager is to find out why an employee would challenge a performance rating and determine if there is a common ground to be reached. Instead, Thompson wanted to intimidate Ms. Davis.  Then she insisted, without giving Ms. Davis advance notice, that Ms. Davis attend a meeting with another staff person for a matter that was completely unrelated to the evaluation.

When Ms. Davis complained to FSA HR representative Thomas Mulhern about the incident, he put her on administrative leave and advised her that she had "a reputation."  He did not provide any facts to support his assertion but simply alluded things he, and perhaps other managers had heard about Ms. Davis.

This only compounded Ms. Davis' stress as it became clear that management had broken confidentiality regarding her complaint against King and spread rumors about their alleged sexual relationship throughout the Agency.  The Agency has tormented Davis from the time she reported King until now.  She has been under medical care for several years related to the distress she is under and has even fainted at work due to the stress she has been subjected to at FSA.

Ms. Davis reserves the right to amend this Complaint at any time.

/s/Yaida O. Ford
_____

Yaida O. Ford
506 9th Street, NW
Washington, D.C. 20004
yford@fordlawpros.com
Fax: (202) 827-7881
*Counsel for Rosetta Davis*

Respectfully,

Yaida O. Ford

# EXHIBIT F

# FORD LAW PROS P.C.

506 9TH STREET NW
WASHINGTON, D.C. 20004
(202) 792-4946
*Attorneys at Law*

March 31, 2017

**VIA CERTIFIED, FIRST CLASS MAIL & FAX[1]**

Candace B. Glover
Director, Conflict Complaints Division
Office of the Assistant Secretary for Civil Rights
U.S. Department of Agriculture (USDA)
1400 Independence Avenue SW
Suite 4004, South Building
Washington, DC 20250-9403
*Fax: 202-720-8046*

**Re: Amended Second Supplement to Rosetta Davis's Formal Complaint
(FSA-CF-2017-00093)**

Dear Ms. Glover:

I represent Ms. Davis and write to correct errors contained in the second
supplement to her Formal Complaint submitted to your office on March 30, 2017.
In lieu of that submission, Ms. Davis submits this Amended Second Supplement.

Since January 16, 2017, when Davis filed a supplement, USDA has subjected her to
the following retaliatory acts and episodes:

***Reassignment to FSA's Emergency Preparedness Division (EPD).*** After placing
Davis on forced administrative leave for nearly four months, USDA reassigned her
to EPD on February 22, 2017. But USDA reassigned her without providing her a
complete position description. As of March 31, 2017, the position description is yet
to be finalized. And the position has no promotion potential. This reassignment is
a result of the informal complaint giving rise to this Formal Complaint.

---

[1] Please disregard the previous version of this amended complaint.

***Failure to reasonably accommodate Davis's special needs on record.*** EPD has failed, and continues to fail, to reasonably accommodate Davis's specials needs on record. In October 2012, while at work, Davis fell and sustained back and wrist injuries. Since then, she has received an ergonomic keyboard and an ergonomic chair as reasonable accommodations: Both enable her to sit for a full workday and complete her assignments. But Davis has not received these accommodations since her reassignment. She also has not received a phone or a computer on which she can back up important work-related computer files. This failure to reasonably accommodate Davis's needs is the result of not only this Formal Complaint but also her federal district court lawsuit against USDA, Civil Action No. 1:17-CV-00245.

***USDA's request to hold Davis's Formal Complaint in abeyance.*** On March 16, 2017, USDA sought to hold this Formal Complaint in abeyance after the ROI is issued, and identified Davis's lawsuit as the sole reason for requesting abeyance. This bizarre act is nothing more than a gamesman's tactic to halt the processing of this Formal Complaint in retaliation for Davis's pursuit of unrelated older EEO claims in federal district court.

***Retaliatory harassment.*** Since receiving Davis's January 16, 2017 Supplement and learning about her lawsuit, USDA has subjected her to retaliatory harassment at EPD. This retaliatory harassment is driven by the same FSA management who put her on administrative leave and includes the following:

- shuffling Davis between different workplace locations multiple times each day;
- refusing to give her an ergonomic keyboard and chair, thereby failing to reasonably accommodate her special needs that stem from a work-related injury;
- failing to protect her work email account from hacking activity, thereby allowing the destruction of important saved documents and email correspondence; and
- not allowing her to retrieve her personal belongings and office supplies from her previous work station so that she can use them during her present assignment.

These retaliatory acts have undermined Davis's ability to concentrate and as a result have prevented her from discharging her job duties successfully. In addition, they have caused her to experience alarmingly high blood pressure.

Ms. Davis reserves the right to supplement this Formal Complaint.

Regards,

s/Yaida O. Ford

Yaida O. Ford, Esq.