UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSETTA DAVIS,<br><br>    *Plaintiff,*<br><br>   v.<br><br>SONNY PERDUE, Secretary, U.S. Department of Agriculture<br><br>    *Defendant*. | Civil Action No. 17-0245 (TJK) |

**DEFENDANT'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS**

Plaintiff largely concedes that portions of her Second Amended Complaint should be dismissed. *See* Pl.'s Opp. to Def.'s Partial Mot. to Dismiss (ECF No. 17) (hereinafter, "Pl.'s Opp."). Where she does not concede dismissal, she relies on a misunderstanding of the relevant rules of law. Accordingly, for the reasons discussed in Defendant's Partial Motion to Dismiss, and also discussed here, Defendant requests that this Court dismiss Plaintiff's Second Amended Complaint, to the extent that it relies on claims that are untimely or have been waived. *See* Def.'s Partial Mot. to Dismiss (ECF No. 16) (hereinafter, "Def.'s Mot.")

**I.  Plaintiff's Claims Are Partially Barred By Her Failure To Exhaust Her Administrative Remedies**

1. Plaintiff concedes that this Court should dismiss Count II, to the extent that her Title VII retaliation claim is based on events that occurred before April 15, 2012. An aggrieved party must initiate contact with an EEO counselor within 45 days of the alleged discriminatory conduct. *See* 29 C.F.R. § 1614.105(a); Def.'s Mot. at 4–7. Here, Plaintiff initiated contact with an Equal Employment Opportunity ("EEO") counselor on May 30, 2012. *See* 2d Am. Comp. ¶ 15.

Accordingly, Plaintiff failed to exhaust her administrative remedies for any allegedly retaliatory action that occurred prior to April 15, 2012.  *See* Def.'s Mot. at 4.

To be sure, this requirement is not jurisdictional.  *See id.* at 5.  But noticeably absent from Plaintiff's Opposition is any suggestion that her failure to exhaust should be excused.  *See* Pl.'s Opp. at 5–9.  Rather, Plaintiff concedes that the allegations pre-dating April 15, 2012, are relevant to her Title VII retaliation claim merely as "background evidence."  Pl.'s Opp. at 7.  But through such an admission, Plaintiff acknowledges that these allegations were not exhausted and are not subject to any type of equitable tolling.  *See* Def.'s Mot. at 5; *see also* Pl.'s Opp. at 5 ("'[Title VII] precludes recovery for discrete acts of … retaliation that occur outside the time period … even when they are related to acts alleged in timely filed charges.'") (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002)) (alterations in original).

Accordingly, the Court should dismiss Plaintiff's Title VII retaliation claim, to the extent that it is based on events occurring before April 15, 2012.  *See Rann v. Chao*, 346 F.3d 192, 194–95 (D.C. Cir. 2003).

2.  Plaintiff is also misguided in her suggestion that she can circumvent the exhaustion rules by simply reformulating her Title VII retaliation claim as one for a retaliatory hostile work environment.  If Plaintiff were correct, Title VII's exhaustion rules would be stripped of all meaning.  *See* Def.'s Mot. at 6 n.2.  Indeed, a "'plaintiff cannot cure his failure to timely exhaust his complaints about these incidents by sweeping them under the rubric of a hostile work environment claim.'"  *Dudley v. Wash. Metro. Area Transit Auth.*, 924 F. Supp. 2d 141, 164 (D.D.C. 2013) (quoting *Patterson v. Johnson*, 391 F. Supp. 2d 140, 146 (D.D.C. 2005) *aff'd,* 505 F.3d 1296 (D.C. Cir. 2007)).  As the District Court has previously explained, "cobbling together a number of distinct, disparate acts will not create a hostile work environment[.]" *Rattigan v.*

*Gonzales*, 503 F. Supp. 2d 56, 82 (D.D.C. 2007).  In fact, "[t]his is particularly true here because plaintiff failed to exhaust administrative remedies for many of the … retaliation claims that he now incorporates into a hostile work environment claim."  *Id.*  So too here—Plaintiff attempts to sweep together disparate allegations of, *inter alia*, being asked to make "illegal purchases … using government funds" in 2002, *see* 2d Am. Compl. ¶¶ 17, 97, being promised a promotion in return for entering a sexual relationship with her supervisor in 2008, *see id.* ¶¶ 24, 97, being transferred to different positions in 2009, *see id.* ¶¶ 33, 97, and being denied an ergonomic keyboard in 2017, *see id.* ¶¶ 89, 97.  As noted herein, none of these claims was exhausted.  But to bring untimely claims together into a hostile work environment claim, "[a] plaintiff must show that the time-barred incidents are 'adequately linked' with the exhausted incidents 'into a coherent hostile work environment claim.'"  *Dudley*, 924 F. Supp. 2d at 164 (quoting *Baird v. Gotbaum*, 662 F.3d 1246, 1251 (D.C. Cir. 2011)).  Here, Plaintiff has failed to do so and the Court should dismiss Plaintiff's retaliatory hostile work environment claim, to the extent that it is based on discrete acts occurring before April 15, 2012.

      3.  Finally, Plaintiff bases her retaliation claims on events occurring in 2016 and 2017 for which she failed to exhaust her administrative remedies.  Plaintiff attempts to include allegations that post-date her administrative claim and for which she has failed to exhaust her administrative remedies.  *See* Def.'s Mot. at 6–7.  To be sure, after *Morgan*, "This Court concluded that [*Morgan*] only prohibited review of claims that plaintiff presents for the first time in federal court."  *Green v. Small*, No. 05-1055, 2006 WL 1487140, at *5 (D.D.C. Jan. 19, 2006) (quotation marks and alterations omitted).  But the "post-complaint conduct" must still be "related" for the *Morgan* rule to apply.  *Id.*  As noted previously, Plaintiff filed another formal EEO claim on January 9, 2017.  *See* Def.'s Mot. Ex. B.  The accepted claims related to her October 2016 placement onto indefinite

administrative leave, her October 2016 performance appraisal, a denial of training opportunities, and incidents of bullying and harsh treatment in 2015–2016. *See id.* Such claims are not "related" to the new claims she wishes to add—claims that she was subject to retaliation when Defendant held her EEO complaint in abeyance, failed to provide her with a position description, and did not provide her with an ergonomic keyboard and chair. *See* Def.'s Mot. at 6–7.

Accordingly, this Court should dismiss Plaintiff's retaliation claims, to the extent they occurred after she filed her January 9, 2017 administrative claims.

## II.     Plaintiff's Claims Are Partially Barred By Her Previous Settlement Agreement

Plaintiff's Second Amended Complaint also attempts to base her retaliation claims on events subject to a previous settlement. *See* Def.'s Mot. at 7. Specifically, Plaintiff's September 22, 2011 settlement agreement included a waiver of "all claims" for "damages … based on allegations raised in any claim or alleged claim of employment discrimination against the [Defendant] arising prior to the effective date of this Agreement." *Id.* Accordingly, Plaintiff waived any claim that is based on events occurring before September 22, 2011. *See id.* In her Opposition, Plaintiff largely concedes this argument. *See* Pl.'s Opp. at 9–11. Instead, Plaintiff appears to be under the misimpression that Defendant seeks to use the settlement agreement to "call[ ] for the Court to dismiss claims raised after the effective date of the Agreement." *Id.* at 9. But as Defendant clearly stated, "[t]his Court should thus dismiss Plaintiff's claims, to the extent that they are based on conduct occurring before September 22, 2011." Def.'s Mot. at 7. Plaintiff's only other attempt to avoid this clear consequence of her settlement agreement is a half-hearted allegation that there may be a factual dispute about whether Defendant upheld its half of the

Agreement. *See* Pl.'s Opp. at 10. But Plaintiff fails to explain how a claim for breach of a settlement agreement falls within a Title VII retaliation claim.[1]

Accordingly, it is clear that Plaintiff's claims are barred by the settlement agreement, to the extent that they are based on events alleged to have occurred before September 22, 2011.

### III. Plaintiff Concedes That Her Reasonable Accommodation Claim Should Be Dismissed

As noted in Defendant's Motion, Plaintiff appears at varying times in her Second Amended Complaint to reference reasonable accommodation requests to which Defendant allegedly failed to respond. *See* Def.'s Mot. at 7–8. Plaintiff's Second Amended Complaint fails to include a Rehabilitation Act claim and thus Plaintiff's retaliation claims should be dismissed, to the extent that she seeks to support them with claims regarding her reasonable accommodation requests. *See id.* at 8. Plaintiff failed to respond to this argument in her Opposition, thereby conceding that dismissal is appropriate. *See generally* Pl.'s Opp.; *see also Hoffman v. Dist. of Columbia*, 681 F. Supp. 2d 86, 94 (D.D.C. 2010).

October 4, 2017                                  Respectfully submitted,

                                                JESSIE K. LIU, D.C. Bar #472845
                                                United States Attorney

                                                DANIEL F. VAN HORN, D.C. BAR # 924092
                                                Chief, Civil Division

By:   */s/ Brian J. Field*
        BRIAN J. FIELD, D.C. BAR #985577
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        Tel: (202) 252-2551
        E-mail: Brian.Field@usdoj.gov

---

[1] Notably, the Settlement Agreement itself provided a remedy for Plaintiff, should she believe that Defendant failed to comply with any portion of the agreement. *See* Settlement Agreement ¶ C(5) (attached as Ex. A).