## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROSETTA DAVIS,

          Plaintiff,

   v.

SONNY PERDUE, Secretary of the U.S.
Department of Agriculture (USDA),

          Defendant.

Case No. 17-cv-00245-TJK

## PLAINTIFF'S SURREPLY REQUESTING TO SUPPLEMENT THE RECORD

Plaintiff Rosetta Davis seeks leave of the Court to file the attached Final Agency

Decision (FAD) received on October 2, 2017.  The FAD is highly relevant to deciding

Defendant's Motion because it shows that Ms. Davis, in fact, exhausted the administrative

process.  Since the FAD was unavailable when Ms. Davis filed her Opposition, this Court

should grant Plaintiff's request for leave to supplement the record with this document.

### ARGUMENT

This Court may properly grant leave to file a surreply when a reply leaves "a party . . .

unable to contest matters presented to the court for the first time."  *Ben-Kotel v. Howard Univ.,*

319 F.3d 532, 536 (D.C. Cir. 2003) (internal citation and quotation marks omitted); *Alexander*

*v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting leave). A surreply may be necessary if the

new matter is factual.  Indeed, a surreply is proper where, after filing an opposition, a non-

moving party becomes aware of key relevant evidence that was unavailable when it filed the

opposition.  *See Ben-Kotel*, 319 F.3d at 536 (noting that plaintiff "could have apprised the

district court of" his rebuttal evidence, acquired after filing his opposition, "by moving for leave to file a sur-reply). This Surreply satisfies this standard easily.

The term "final agency decision" is unique to the EEO process utilized by federal sector employees and is defined in 29 CFR 1614.110(a)-(b). "When an agency dismisses an entire complaint under § 1614.107, receives a request for an immediate final decision or does not receive a reply to the notice issued under § 1614.108(f), the agency shall take final action by issuing a final decision." *Id.* at subsection (b). The FAD includes a notice of "the right to file a civil action in federal district court," which must happen within 90 days from the time the FAD is issued. *Id.*

The FAD in this case concerns Ms. Davis's **_second_** formal EEO complaint. *See* Final Agency Decision on USDA Complaint No. FSA-CF-2017-00093 (FAD). Ms. Davis filed this formal EEO complaint in early January 2017 and amended it on January 16, 2017 and March 31, 2017. ECF No. 17 at 2-4. The amendments raised additional allegations about retaliatory events that occurred after January 9, 2017, including USDA's attempt on March 6, 2017 to hold this second formal complaint in abeyance; USDA's refusal to give her a finalized position description; and USDA's refusal to give her an ergonomic keyboard and ergonomic chair as reasonable accommodations for the back and wrist injuries she sustained at work in a few years earlier. ECF No. 17 at 3. Ms. Davis then received the FAD on October 2, 2017—five days after filing her Opposition and more than 180 days after filing the second formal EEO complaint. ECF No. 17; FAD at 1.

That is why this FAD is highly relevant to the question of timeliness currently before the Court. Although Defendant argues that the three allegations raised in the March 31,

2017 amendment and the Second Amended Complaint are not exhausted, the FAD itself notes that 180 days have passed since Ms. Davis filed her second formal complaint. *See* FAD at 3. *Compare* FAD, *with* ECF No. 15. This leaves no doubt that Ms. Davis exhausted those allegations and corrects Defendant's assertion that she did not. Even if the Agency were to re-start the 180-day clock from March 31, 2017 to today—which it did not do in Ms. Davis's case—the time for exhaustion from the date of that amendment would have been achieved on September 27, 2017.[1]

Because the FAD is highly relevant to deciding Defendant's Motion, and because Ms. Davis received the FAD after she filed her Opposition, this Court should grant Ms. Davis's request and accept the FAD into evidence for the purpose of deciding Defendant's Motion.

Dated: October 6, 2017

Respectfully Submitted,
*/s/ Yaida O. Ford*
Yaida O. Ford, # 497013
Onyebuchim A. Chinwah[2]
**Ford Law Pros, P.C.**
1001 G Street, Ste. 1150 West C, NW
Washington, DC 20001
Office: (202) 792-4946
yford@fordlawpros.com
ochinwah@fordlawpros.com

*Attorneys for Plaintiff*

---

[1] Federal agencies have 180 days to complete an investigation after an EEO complaint is filed. If the complaint is amended, the agency can choose to complete the investigation within 180 days from the date of the amendment or 360 days after the original complaint is filed. 29 CFR 1614.106 (e)(2).

[2] Admitted in Maryland only. Practicing in the District of Columbia under the direct supervision of Yaida O. Ford, a member of the D.C. Bar, in accordance with D.C.C.A. Rule 49(c).

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 6, 2017, I served a copy of the foregoing via CM/ECF on

the following:

Brian J. Field
Assistant United States Attorney
555 4th Street NW
Washington, DC 20530
Tel: (202) 252-2551
Email: Brian.Field@usdoj.gov

*Attorney for Defendant*

*/s/ Yaida O. Ford*
Yaida O. Ford
