**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROSETTA DAVIS,<br><br>*Plaintiff*,<br><br>v.<br><br>SONNY PERDUE, Secretary, U.S. Department of Agriculture<br><br>*Defendant*. | Civil Action No. 17-0245 (TJK) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S SURREPLY

Defendant respectfully opposes Plaintiff's attempt to file a surreply. *See* Pl.'s Surreply (ECF No. 19). Here, Defendant filed a Partial Motion to Dismiss on September 13, 2017, arguing that portions of Plaintiff's Second Amended Complaint were barred by her failure to exhaust her administrative remedies, as well as the fact that she had previously waived such claims in an earlier settlement agreement. *See* Def.'s Partial Mot. to Dismiss at 1 (ECF No. 16) (hereinafter, "Def.'s Mot."). Plaintiff filed her Opposition on September 27, 2017, *see* ECF No. 17, and Defendant filed its Reply on October 4, 2017, *see* ECF No. 18. On October 7, 2017, Plaintiff filed a surreply addressing the arguments made about her failure to exhaust her administrative remedies. *See generally* Pl.'s Surreply.

*First*, Plaintiff's surreply should be rejected because she failed to comply with the requisite rules. Indeed, Local Civil Rule 7 contemplates that parties will file a motion, an opposition, and a reply. *See* LCvR 7. In does not include a provision allowing a party to file a surreply. *See id.* Yet, Plaintiff here failed to file a motion seeking leave of this Court to file a surreply. Moreover,

Plaintiff failed to confer with Defendant as required by Local Civil Rule 7(m) about Defendant's position on its surreply.  *See* LCvR 7(m).

*Second*, Plaintiff's surreply should be rejected because she fails to satisfy the high threshold for a surreply.  There can be no dispute that "leave to file a surreply [is] not favored." *Hairston v. Tapella*, 664 F. Supp. 2d 106, 116 (D.D.C. 2009); *see also Doe v. Exxon Mobile Corp*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014).  When leave is requested to file a surreply, a district court should consider "whether the movant's reply in fact raises arguments or issues for the first time, whether the nonmovant's surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012).  Plaintiff fails to satisfy this high threshold.

This is not a circumstance where, for instance, Defendant offered with the reply "new factual allegations 'of substantial import[.]'" *Hoskins v. Napolitano*, 842 F. Supp. 2d 8, 12 n.1 (D.D.C. 2012).  Indeed, Plaintiff does not identify any new allegations that Defendant raised in its reply. *See generally* Pl.'s Surreply.  Rather, Plaintiff believes that a surreply may be used simply because she has identified new evidence she wishes to raise with the Court. *See id.*

Plaintiff is not only misguided in this belief, but she is also wrong when she suggests that the Final Agency Decision ("FAD") she submitted "shows that [she], in fact, exhausted the administrative process." *Id.* at 1.  As Defendant previously explained, Plaintiff attempts to base portions of her retaliation claims on events occurring in 2016 and 2017 for which she had failed to exhaust her administrative remedies. *See* Def.'s Mot. at 6–7.  Specifically, Defendant explained that these claims post-date Plaintiff's underlying administrative claim and are not "related" to the previously accepted claims. *See* Def.'s Reply at 3–4 (discussing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002)).  Curiously, the FAD on which Plaintiff purports to rely does

not reference the specific claims at issue—claims that Plaintiff was subject to retaliation when Defendant held her Equal Employment Opportunity ("EEO") complaint in abeyance, failed to provide her with a position description, and did not provide her with an ergonomic keyboard and chair. *See* Def.'s Mot. at 6–7. Rather, when Plaintiff attempted to amend her EEO complaint to add these claims, Defendant informed her counsel that she was unable to add such claims. *See* Ltr. from C. Glover at 3 (May 3, 2017) ("Because these allegations are not like[ ] or related to the claims raised in the instant matter, the complaint cannot be amended") (attached hereto as Ex. A). Rather, Defendant informed Plaintiff that she needed to file a new EEO complaint. *See id.* Accordingly, nothing in the FAD provides Plaintiff any further support for her misguided argument that she exhausted her administrative remedies for these post-complaint allegations.

      For the foregoing reasons, Defendant respectfully requests that the Court reject Plaintiff's surreply.

October 11, 2017

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. BAR # 924092
Chief, Civil Division

By: */s/ Brian J. Field*
BRIAN J. FIELD, D.C. BAR #985577
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2551
E-mail: Brian.Field@usdoj.gov