

**United States Department of Agriculture**

**Office of the Assistant Secretary for Civil Rights**

**Conflict Complaints Division**

1400 Independence Avenue SW

Washington, DC 20250

## AMENDMENT DENIAL
## REFERRAL TO COUNSELING

Yaida O. Ford, Esquire
The Ford Law Firm, PLLC
506 9th Street NW
Washington, DC 20004

MAY 0 3 2017

Re: **USDA Complaint No.: FSA-CF-2017-00093**
**Complainant: Rosetta Davis**

Dear Ms. Ford:

This letter acknowledges receipt of your letters dated March 30 and 31, 2017, requesting to amend the subject Equal Employment Opportunity (EEO) complaint, which was initially filed against the Farm Service Agency (FSA) on January 9, 2017.[1] Based on the postmark and facsimile transmission dates, the amendment requests are considered filed on March 30 and 31, 2017, respectively.

Specifically, your client requests that the EEO complaint be amended to include allegations that she was subjected to discrimination and harassment[2] (nonsexual) based on sex (female), physical disability (back and wrist injuries), and reprisal (prior and current EEO activity), when:

1. on March 16, 2017, she was informed that a request was filed to hold the instant complaint in abeyance once the Report of Investigation (ROI) is issued;

2. on or about February 22, 2017, she was reassigned to the Emergency Preparedness Division (EPD) without a complete Position Description and no promotion potential, and was not provided a phone or a computer at her new worksite;

3. since February 22, 2017, EPD management has failed to provide her a reasonable accommodation; and

---

[1] The March 31, 2017 correspondence indicates that it was submitted in order to correct errors contained in the March 30, 2017 letter. Consequently, this letter will address the allegations as asserted in the March 31, 2017 submission.

[2] The phrase "hostile work environment" is a finding that harassment occurred, and that the harassment is severe or pervasive enough to alter a condition or privilege of employment. *See* National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 116 (2002); Cobb v. Department of Treasury, EEOC Appeal No. 01960215 at *7 (Mar. 13, 1997). The phrase is not an issue or incident but the identification of the result of harassment.

4.  on or after February 22, 2017, she was subjected to various acts of harassment, in that she was required to shuffle between different workplace locations multiple times each day, her e-mail account was hacked, and she was not allowed to retrieve her personal belongings and office supplies from her previous work station.

*Claim 1: Failure to State a Claim*

A key concept in civil rights law is the requirement that a complainant be aggrieved (harmed) by an action of the employer. An aggrieved employee or applicant is one who believes she has been discriminated against because of membership in a protected class and who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. See Miller v. U.S. Postal Service, EEOC Appeal No. 01A54558 (October 19, 2005), citing Diaz v. Department of the Air Force, EEOC Request No. 05931049 (April 21, 1994). The relief available in the individual complaint process is personal to the complainant and is designed to make the complainant whole for any such injury.

Here, you raise issue with an administrative request to hold this matter in abeyance once the investigation is completed and a ROI is issued. However, there is no evidence that your client is an "aggrieved employee" as a result of this alleged action. Specifically, no term, condition or privilege of your client's employment has been affected, and no other deleterious impact on her career has occurred. See Blanding v. Department of Justice, EEOC Appeal No. 01A21352 (March 18, 2003). Since there has been no materially adverse consequence on a term, condition, or privilege of her employment based upon this allegation, your client has failed to meet the "aggrieved" standard. Because there is no personal loss or harm alleged for which there is a remedy and no claim of discrimination upon which relief can be granted has been stated, this claim is dismissed. The regulatory basis for this decision is 29 C.F.R. § 1614.107(a)(1).[3]

*Claims 2-4: Not Like or Related Claims*

With regard to Claims 2-4, Equal Employment Opportunity Commission (EEOC) Regulation 29 C.F.R. § 1614.106(d) provides that "a complainant may amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint." A later claim or complaint is "like or related" to if the later claim or complaint adds to or clarifies the complaint and could have reasonably been expected to grow out of the original complaint during the investigation. *See* Hurlocker v. Department of Veterans Affairs, EEOC Appeal No. 0120141346 (June 27, 2014); referencing Scher v. U.S. Postal Service, EEOC Request No. 05940702 (May 30, 1995); Calhoun v. U.S. Postal Service, EEOC Request No. 05891068 (March 8, 1990).

---

[3] We further note that this allegation might also be dismissible pursuant to 29 C.F.R. § 1614.107(a)(8) as a spin-off complaint; however, such claim is speculative at present since the ROI has not yet been issued.

Here, these allegations indicate that your client has been transferred to a different office and is likely supervised by new management officials. As such, they do not to appear to add or clarify any of the claims set forth in the present complaint. *See* Debbra R., Complainant v. Department of Veteran Affairs, EEOC Appeal No. 0120161305 (July 26, 2016). Moreover, the allegations could not have reasonably been expected to grow out of the original complaint. *See* Erwin B., Complainant v. Department of Navy, EEOC Appeal No. 0120152173 (December 9, 2015) (claim requested for amendment lacked nexus to claims in subject complaint). Because these allegations are not liked or related to the claims raised in the instant matter, the complaint cannot be amended.

Accordingly, by this letter, we are referring your client to EEO counseling regarding these allegations. The EEOC regulations at 20 C.F.R. § 1614.105 state that a complainant must:

1. Contact an EEO Counselor within 45 calendar days of the alleged discriminatory act, the effective date of a personnel action, or the date the complainant became aware of the alleged discriminatory matter. Therefore, any issue that arose within the 45 calendar days prior to March 30, 2017, the date on which the initial amendment request was filed, will be considered timely raised.

2. Engage in the informal EEO counseling process and attempt resolution of allegation(s) of discrimination prior to filing a formal EEO complaint. An EEO Counselor will:
   a. Contact the Complainant once initial contact has been made;
   b. Provide written notice of the Complainant's rights and responsibilities under the EEO complaint process;
   c. Give the Complainant the option of choosing traditional counseling or alternative dispute resolution (ADR):
      - If the Complainant chooses traditional counseling, conduct an inquiry into the allegation(s) of employment discrimination;
      - If the Complainant chooses ADR, attempt to resolve the allegation(s) of employment discrimination; and
   d. If resolution is not achieved by the end of the counseling period, issue the Complainant a Notice of Right to File a formal EEO complaint.

Please be advised that it is the Complainant's responsibility to seek counseling regarding these claims within 15 calendar days of her receipt of this letter, if she wishes to file a formal complaint. Failure to contact an EEO counselor within this timeframe may result in the dismissal of these claims. For assignment of an EEO Counselor, please contact the Conflict Complaints Division at (202) 205-9302 or CCDInfo@ascr.usda.gov.

Your letters have been included in the record for this matter, and the complaint currently is being processed pursuant to Part 1614 of the EEOC Regulations. As such, in accordance with 29 C.F.R. §1614.107(b), our determination concerning the cited issues will be reviewed by an EEOC Administrative Judge, if a hearing is requested on the

remainder of the subject EEO complaint. However, this determination may not be appealed until a final action is taken by the Department on the remainder of the complaint.

Please contact the Conflict Complaints Division at (202) 205-9302 or CCDInfo@ascr.usda.gov if you have questions or concerns regarding the status of your EEO complaint.

Sincerely,

*Candace B Glover*

Candace B. Glover
Director, Conflict Complaints Division
Office of the Assistant Secretary for Civil Rights

cc: Ms. Rosetta Davis, Complainant (w/enclosure)
    1708 Montello Avenue
    Washington, DC 20002
         7016 2070 0000 5580 9682
         7016 2070 0000 5580 9699