# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSETTA DAVIS, *Plaintiff*, v. SONNY PERDUE, Secretary, U.S. Department of Agriculture *Defendant*. | Civil Action No. 17-0245 (TJK) |

## ANSWER TO THIRD AMENDED COMPLAINT

Defendant, Sonny Perdue, Secretary of the United States Department of Agriculture, in his official capacity ("Defendant," "USDA," or "the Agency"), by and through the undersigned, hereby Answers Plaintiff's Third Amended Complaint, as follows:

### RESPONSES

Defendant responds to the introductory paragraph, separately numbered paragraphs, and prayer for relief contained in the Second Amended Complaint below.  To the extent that any allegation is not admitted, it is denied.  Moreover, to the extent that the Second Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (2) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.  Defendant answers are follows, using the same paragraph numbering contained therein:

The introductory paragraph contains Plaintiff's characterization of this action and conclusions of law, to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

Defendant denies the factual allegations in this unnumbered paragraph.

PRELIMINARY STATEMENT[1]

1. Denied.

2. Defendant admits that the people named have been employed by USDA. As to any remaining factual allegations, Defendant denies.

3. Defendant admits that Joe Leonard was the USDA Assistant Secretary for Civil Rights, from April 2009 to January 2017. By way of further answer, Defendant admits that Telora Dean, David King, Geraldine Herring, and Kenneth Baisden were each employees in the Office of the Assistant Secretary for Civil Rights ("OASCR") during that time. Further, Defendant admits that Brian Garner, Thomas Mulhern, and Donald Butler have been employees of the Farm Service Agency (FSA), which is now a part of the Farm Production and Conservation ("FPAC") mission area. As to any remaining factual allegations, Defendant denies.

4. Defendant lacks sufficient information to either admit or deny the allegations contained in this paragraph.

5. Denied.

6. Denied. By way of further answer, Defendant avers that, on May 18, 2015, the Office of the Special Counsel issued a summary of allegations and findings regarding the processing of EEO complaints and OASCR organizational structure.

---

[1] For ease of reference, Defendant utilizes Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

7. Defendant admits that USDA officials, including Dr. Leonard, testified before the House Committee on Oversight and Government Reform, on December 1, 2016. As to any remaining factual allegations, Defendant denies.

8. Defendant admits that Plaintiff filed equal employment opportunity ("EEO") complaints against Defendant. As to any remaining factual allegations, Defendant denies.

9. Denied.

10. Denied.

11. Denied.

12. This paragraph consists of Plaintiff's legal conclusions and request for relief, to which no answer is required. To the extent a response is deemed necessary, Defendant denies.

JURISDICTION AND VENUE

13. This paragraph consists of Plaintiff's legal conclusions, to which no answer is required.

14. This paragraph consists of Plaintiff's legal conclusions, to which no answer is required.

PARTIES

15. Defendant admits that Plaintiff was first employed at USDA in 2001. Defendant admits that Plaintiff received Superior performance ratings in 2007, 2008, 2011, 2012; an Outstanding performance rating in 2009; and a Fully Successful performance rating in 2013. By way of further answer, Defendant admits that Plaintiff initiated contact with an EEO Counselor on May 30, 2012, and filed a formal EEO complaint (Agency Case No. CRSD-2012-01041), on November 20, 2013, which she amended on February 21, 2014. Defendant lacks sufficient

information to either admit or deny the allegations about Plaintiff's residence. As to any remaining factual allegations, Defendant denies.

16. Denied. By way of further answer, Defendant avers that the following is an accurate description of Plaintiff's work history at USDA:

- April 2001 term appointment to a GS-7 Equal Opportunity Specialist position in the Programs Branch of the USDA Office of Civil Rights;

- November 2001 term appointment to a GS-8 Equal Opportunity Specialist position in the Employment Branch of the USDA Office of Civil Rights;

- June 2002 term appointment to a GS-9 Resource Management Specialist position in the Resources Management Division of the USDA Office of Civil Rights;

- July 2003 promotion to a GS-11 Resource Management Specialist position in the Resources Management Division of the USDA Office of Civil Rights;

- July 2004 promotion to a GS-12 Resource Management Specialist position in the Resources Management Division of the USDA Office of Civil Rights;

- January 2006 office realignment to a GS-12 Resource Management Specialist position in the Accountability and Resolution Management Division of the USDA Office of Civil Rights;

- September 2007 office realignment to a GS-12 Resource Management Specialist position in the Accountability and Resolution Management Division of the USDA Office of Adjudication and Compliance;

- November 2008 reassignment to a GS-12 Management Analyst position in the Accountability and Resolution Management Division of the USDA Office of Adjudication and Compliance;

- November 2009 office realignment to a GS-12 Management Analyst position in the Compliance Division of the USDA Office of Adjudication and Compliance;

- May through August 2011 detail to a GS-12 Equal Opportunity Specialist position in the Office of Civil Rights at USDA's Agricultural Marketing Service.

- October 2011 reassignment to a GS-12 Management Analyst position in the Policy Division of the USDA Office of Adjudication and Compliance;

- August 2012 office realignment to a GS-12 Management Analyst position in the Training and Cultural Transformation Division of the USDA Office of Adjudication and Compliance;

- January 2014 reassignment to a GS-12 Management and Program Analyst position in the Office of Civil Rights for the USDA Farm Service Agency;

- February 2017 reassignment to a GS-12 Management of Program Analyst position in the Emergency Preparedness Division of the USDA Farm Service Agency;

- October 2018 realignment to the FPAC Homeland Security Division.

17. Denied.

18. Denied. Sonny Perdue is the Secretary of USDA, as of April 25, 2017.

STATEMENT OF FACTS

19. Defendant admits that Plaintiff contacted an EEO Counselor on April 1, 2010 regarding Agency Case No. CRSD-CF-2010-00007, but denies that Plaintiff filed a formal EEO complaint regarding this matter. Defendant admits that Plaintiff contacted an EEO Counselor on March 28, 2011, regarding CRSD-CF-2011-00004, but denies that Plaintiff filed a formal EEO complaint regarding this matter. Defendant admits that Plaintiff contacted an EEO Counselor on May 30, 2012 regarding Agency Case No. CRSD-CF-2012-01041, and filed a formal EEO complaint on November 20, 2013.

20. Admitted.

21. Denied.

22. Defendant admits that Plaintiff filed an EEO complaint that listed Telora Dean as a responsible management official. As to the remaining factual allegations, Defendant denies.

23. Denied.

24. Denied.

25. Denied. By way of further answer, Defendant avers that Plaintiff had an administrative support role while David King, who was not her supervisor, was substantively working on the *Basu* project.

26. Denied. Further, Defendant respectfully refers the Court to its answer to paragraph 16 regarding Plaintiff's grade and series in 2008.

27. Defendant lacks sufficient information to either admit or deny the allegations in this paragraph.

28. Defendant admits that Plaintiff had a consensual sexual relationship with David King. As to the remaining factual allegations, Defendant denies.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied. Further, Defendant respectfully refers the Court to its answer to paragraph 16.

36. Denied.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Defendant admits that Plaintiff contacted an EEO Counselor on May 30, 2012 regarding Agency Case No. CRSD-CF-2012-01041, and filed a formal EEO complaint, on November 20, 2013. As to the remaining factual allegations, Defendant denies.

46. Denied.

47. Defendant admits that Plaintiff's EEO complaint was resolved via a settlement agreement, on September 22, 2011, along with all of Plaintiff's other claims that she filed or could have filed against Defendant.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Admitted.

55. Denied.

56. Denied.

57. Denied.

58. Defendant admits that Kenneth Baisden supervised the Policy Division. As to the remaining factual allegations, Defendant denies.

59. Defendant admits that Plaintiff contacted an EEO Counselor on May 30, 2012 regarding Agency Case No. CRSD-CF-2012-01041, and filed a formal EEO complaint, on November 20, 2013. As to the remaining factual allegations, Defendant denies.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Admitted.

66. Admitted.

67. Denied.

68. Defendant lacks sufficient information to either admit or deny the allegations in this paragraph.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Defendant admits that Plaintiff was denied access to the OASCR computer that she had been using, after she left OASCR. As to the remaining factual allegations, Defendant denies.

74. Defendant admits that Garner permitted Plaintiff to telework occasionally. As to the remaining factual allegations, Defendant denies.

75. Denied.

76. Denied. By way of further answer, Defendant avers that Plaintiff was assigned to the branch that was supervised by Andrew Malloy.

77. Denied.

78. Denied.

79. Defendant lacks sufficient information to either admit or deny the allegations in this paragraph.

80. Defendant lacks sufficient information to either admit or deny the allegations in this paragraph.

81. Defendant lacks sufficient information to either admit or deny the allegations in the first sentence.  As to the second sentence, Defendant avers that on June 2, 2016, Plaintiff called Darlene Thompson and told her that Thompson's husband called Plaintiff on May 29, 2016, to ask whether Thompson was having an affair.  As to the remaining factual allegations, Defendant denies.

82. Defendant admits that, on October 19, 2016, Thompson met with Plaintiff for a performance evaluation and informed Plaintiff that she received a Fully Successful rating.  As to the remaining allegations, Defendant denies.

83. Denied.

84. Defendant admits Plaintiff was placed on administrative leave.  As to the remaining allegations, Defendant denies.

85. Defendant admits that on November 4, 2016 Plaintiff filed an informal EEO complaint in Agency Case No. FSA-CF-2017-00093, which included an allegation about administrative leave.  As to the remainin allegations, Defendant denies.

86. Denied.

87. Denied.  The Complaint was filed on February 5, 2017, in the instant civil action.

88. Defendant admits Plaintiff was reassigned to the Emergency Preparedness Division on February 22, 2017.  As to the remaining allegations, Defendant denies.

89. Denied.

90. Denied. By way of further answer, Defendant avers that Donald Butler, Deputy Director of the Emergency Preparedness Division, provided office space to Plaintiff in the USDA South Building, but Plaintiff requested a different office so he provided office space to Plaintiff in the Patriot's Plaza III building. Defendant further avers that Plaintiff requested a different office again and Butler provided a different office space in the South Building.

91. Admitted. The LWOP was reversed in May 2018 after it was attributed to a timesheet error.

92. Denied.

93. Defendant admits that on February 15, 2018, Plaintiff interrupted a Black History Month event at USDA by speaking into the microphone uninvited. As to the remaining allegations, Defendant denies.

94. Denied.

95. Defendant admits that Plaintiff was placed on administrative leave following the February 15, 2018 Black History Month event. As to the remaining allegations, Defendant denies.

96. Defendant admits that, on February 13, 2018, Plaintiff initiated contact with an EEO Counselor regarding Agency Case No. FSA-2018-00406, which came to include an allegation about administrative leave. As to the remaining allegations, Defendant denies.

97. Denied.

98. Defendant admits that Plaintiff has requested disability accommodations since February 15, 2018. As to the remaining allegations, Defendant denies.

99. Denied.

CLAIMS FOR RELIEF
COUNT 1: RETALIATORY HOSTILE WORK ENVIRONMENT

100. Defendant reasserts its responses to paragraphs 1–99.

101. This paragraph consists of legal conclusions, to which no response is required.

102. Defendant admits that USDA has been Plaintiff's employer since 2001.

103. Defendant admits that Plaintiff has been an employee at USDA since 2001.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

COUNT 2: RETALIATION

110. Defendant reasserts its responses to paragraphs 1–109.

111. This paragraph consists of legal conclusions, to which no response is required.

112. Defendant admits that Plaintiff engaged in protected activity when she filed EEO complaints. As to the remaining factual allegations, Defendant denies.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

COUNT 3: FAILURE TO ACCOMMODATE A DISABILITY

117. Defendant reasserts its responses to paragraphs 1–116.

118. Denied.

119. Denied.

120. Denied.

## COUNT 4: HOSTILE WORK ENVIRONMENT BASED ON DISABILITY

121. Defendant reasserts its responses to paragraphs 1–120.

122. Denied.

123. Denied.

## COUNT 5: EMOTIONAL DISTRESS

124. Defendant reasserts its responses to paragraphs 1–123.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

## REQUEST FOR RELIEF

1. This paragraph, including parts (a) through (j), consists of Plaintiff's request for relief, to which no response is required.

## JURY DEMAND

This unnumbered paragraph consists of Plaintiff's jury demand, to which no response is required.

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's Complaint with prejudice, enter judgment in favor of Defendant, and grant Defendant all other relief that the Court deems just and proper.

## ADDITIONAL DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

1. The Complaint fails to state a claim for which relief may be granted.

2. Plaintiff failed to exhaust her administrative remedies.

3. Plaintiff's claims are barred by her previous settlement agreement.

4. Plaintiff's reasonable accommodation claim fails because she failed the engage in the interactive process.

5. Plaintiff's reasonable accommodation claim fails because she failed to include reasonable requests for accommodations in her accommodation requests.

6. At all times pertinent hereto, Defendant acted in good faith and without any intent to engage in any unlawful action against Plaintiff. All of Defendant's actions were taken for legitimate, non-retaliatory and non-discriminatory reasons and in accordance with applicable laws, rules, and regulations.

March 21, 2019                            Respectfully submitted,

                                           JESSIE K. LIU
                                           D.C. BAR #472845
                                           United States Attorney

                                           DANIEL F. VAN HORN
                                           D.C. BAR #924092
                                           Chief, Civil Division

By:   */s/ Brian J. Field*
                                           BRIAN J. FIELD
                                           D.C. BAR #985577
                                           Assistant United States Attorney
                                           555 4th Street, N.W.
                                           Washington, D.C. 20530
                                           Tel: (202) 252-2551
                                           E-mail: Brian.Field@usdoj.gov